```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF LOUISIANA


DE'JUAN THOMAS,
        Plaintiff,


    V.                       3:17-cv-01595-SDD-EWD

SALLY GRYDER, JAMES LEBLANC,
JERRY GOODWIN, DOES 1-10,
        Defendants.
_____
BRIAN McNEAL,
            Plaintiff,
    V.                       No. 18-cv-00736-JWD-EWD

LOUISIANA DPS&C, et al.
        Defendants.
_____
ELLIS RAY HICKS,
        Plaintiff,
    V.                       No. 19-108-SDD-RLB

LOUISIANA DPS&C, et al.
        Defendants.
_____
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA


RODNEY GRANT,
        Plaintiff,

    V.         Case No. 17-cv-2797-NJB-DEK

MARLIN GUSMAN, et al.
        Defendants.
_____
```

```
 1              30(b)(6) DEPOSITION OF THE LOUISIANA
 2   DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,
 3   through its designated representative, ANGELA
 4   GRIFFIN, given in the above-entitled cause,
 5   pursuant to the following stipulation, before
 6   Sandra P. DiFebbo, Certified Shorthand Reporter, in
 7   and for the State of Louisiana, at the Louisiana
 8   Department of Public Safety & Corrections, 504
 9   Mayflower Street, Baton Rouge, Louisiana, on the
10   31st day of May, 2019, commencing at 12:50 p.m.
11   APPEARANCES:
12
             WILLIAM MOST,
13           ATTORNEY AT LAW
             201 St. Charles Avenue
14           Suite 114, #101
             New Orleans,Louisiana  70170
15           Representing the Plaintiffs
16
17           LOUISIANA DEPARTMENT OF JUSTICE
             OFFICE OF THE ATTORNEY GENERAL
18           BY:  JAMES "GARY" EVANS, ATTORNEY AT LAW
             JEFFERY "BEAU" WHEELER, ATTORNEY AT LAW
19           HEATHER HOOD, ATTORNEY AT LAW
             ELIZABETH DESSELLE, ATTORNEY AT LAW
20           1885 N. Third Street
             Baton Rouge, Louisiana  70802
21           Representing the Defendants
22
     Reported By:
23
             Sandra P. DiFebbo
24           Certified Shorthand Reporter
             State of Louisiana
25
```

```
 1         E X A M I N A T I O N            I N D E X
 2
 3                                              Page
 4    BY MR. MOST:                               5, 39
 5    BY MR. EVANS:                              36
 6
 7
 8
 9         E X H I B I T                    I N D E X
10
11                          Page
12
13    Exhibit E                                 16
14    Exhibit F                                 19
15
...
25
```

S T I P U L A T I O N

        It is stipulated and agreed by and between Counsel for the parties hereto that the deposition of THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, through its designated representative, ANGELA GRIFFIN, is hereby being taken pursuant to the Federal Rules of Civil Procedure for all purposes in accordance with law;

        That the formalities of reading and signing are specifically reserved;

        That the formalities of sealing, certification, and filing are hereby specifically waived.

        That all objections, save those as to the form of the question and responsiveness of the answer are hereby reserved until such time as this deposition or any part thereof is used or sought to be used in evidence.

* * * * *

        Sandra P. DiFebbo, Certified Shorthand Reporter, in and for the State of Louisiana, officiated in administering the oath to the witness.

```
1                ANGELA GRIFFIN, 504 Mayflower Street,
2       Baton Rouge, Louisiana, 70802, having been
3       first duly sworn, was examined and testified
4       on her oath as follows:
5  EXAMINATION BY MR. MOST:
6       Q.   Good afternoon, Miss Griffin.
7       A.   Good afternoon.
8       Q.   My name is William Most.  I'm the
9  attorney for the plaintiffs in the four cases we're
10 here for today.  Could you give me your name and
11 title for the record?
12      A.   My name is Angela Griffin, and I'm an
13 Administrative Program Director.
14      Q.   Miss Griffin, have you ever given a
15 deposition before?
16      A.   Yes, once.
17      Q.   So you realize you are under oath today?
18      A.   Yes.
19      Q.   That your answers here today have the
20 same force as if we were in a courtroom with a
21 judge and jury?
22      A.   Yes.
23      Q.   Is there anything that will prevent you
24 from giving me your full attention and complete and
25 truthful answers today?
```

```
 1         A.    No.  We don't keep up with it.  We just
 2   keep up with he needs to go home, immediate
 3   releases.
 4         Q.    So there are definitely some people sent
 5   to the Department of Corrections who are held past
 6   their legal release date, right?
 7         A.    Yes.
 8         Q.    But the DOC doesn't have any way of
 9   identifying them?
10         A.    Correct, until we get -- right.  I mean,
11   if we get their paperwork, we work them.  Again, we
12   call it an immediate release.
13         Q.    You don't have any process of recording
14   them?
15         A.    No, sir.
16         Q.    You don't have any way of knowing who
17   should have been released in the past on an
18   everyday basis, but someone could go back and
19   figure it out based on looking at paperwork,
20   correct?
21         A.    Looking at maybe there may be a time.
22   I'm not sure of paperwork, a time comp worksheet or
23   something and try and figure it out that way.
24         Q.    Some entity within the Department of
25   Corrections may have gone back and done that?
```

1  A. May have, right.
2  Q. We're going to move on to Topic Number 8,
3  which is, "How the DOC handles time calculation and
4  release of inmates who have, one, spent time in
5  custody pretrial, two, are given a sentence with
6  credit for time served, and, three, have a sentence
7  that is less than or equal to their period of
8  pretrial custody."  Does that make sense to you?
9  A. Yes.
10 Q. So those are people like what we were
11 just talking about where their legal release date
12 is going to be the day of their sentencing, right?
13 A. Okay.
14 Q. Would you agree with that?
15 A. To me, it wouldn't necessarily mean --
16 all of these scenarios doesn't mean they would be
17 past their --
18 Q. So it is someone who meets all three of
19 these criteria; is that fair? So it's someone who
20 has been in jail -- does that make sense?
21 A. Yeah, right.  I understand now.
22 Q. So if they meet all three of these
23 criteria, their legal release date is going to be
24 the date of their sentencing, right?
25 A. Right.

```
1        Q.   There are people in Louisiana who meet
2   these criteria, right, who are sentenced to DOC
3   custody, right?
4        A.   Yes.
5        Q.   So for these people, they don't get
6   released the day of their sentence, right?
7        A.   The majority of them will not unless we
8   receive the paperwork that we need to time comp
9   them and know he is sentenced and be able to do it.
10  We may have a few that we get the paperwork, and we
11  can release them.
12       Q.   The only way they are going to get
13  released that day is if the paperwork gets to the
14  DOC on that day, and the DOC calculates their time
15  that day and then effects their release that day,
16  right?
17       A.   And processes them for release, right.
18       Q.   Have you ever seen that happen?
19       A.   I can't say positively.  It may have.  I
20  don't know.
21       Q.   If it happens, that would be rare?
22       A.   Right.
23       Q.   So for the majority of people who meet
24  these criteria, their paperwork is going to go from
25  the court to the sheriff, from the sheriff to the
```