



Office Of The Clerk

# Court of Appeal, First Circuit
State of Louisiana
www.la-fcca.org

**Christine L. Crow**
**Clerk of Court**

Post Office Box 4408
Baton Rouge, LA
70821-4408
(225) 382-3000

## Notice of Judgment

October 11, 2005

Docket Number:  2004 - CA - 1708

Preston G. Demouchette, Jr.
   versus
Richard Stalder (Secretary of Corrections), Board of Parole (E.
Peggy Landry and Parole Board Members), Prison Enterprises
(And Members), Burl Cain (Warden, at L.S.P.),  Henry C.
Goines (Computation Officer), Mary Cockerham and Fran
Foster (Computation Clerks) and Warden Peabody (L.S.P.)


TO:    Preston G. Demouchette Jr.
       Louisiana State Penitentiary
       Camp C; Jaguar-1-Left #12
       Louisiana State Penitentiary
       Angola, LA 70712

You are hereby served with a copy of the opinion in the above-entitled case.  Your attention is invited to Rule 2-18.
Rehearing of the Uniform Rules of Courts of Appeal.


I hereby certify that this opinion and notice of judgment were mailed this date to the trial judge, all counsel of record,
and all parties not represented by counsel as listed above.


CHRISTINE L. CROW
CLERK OF COURT

( A. )



ORIGINAL.

<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

<u>2004 CA 1708</u>

PRESTON G. DEMOUCHETTE, JR.

VERSUS

RICHARD STALDER, (SEC. OF CORR.); BOARD OF PAROLE, (E.
PEGGY LANDRY AND PAROLE BOARD MEMBERS); PRISON
ENTERPRISES, (AND MEMBERS); BURL CAIN, (WARDEN AT
L.S.P.); HENRY C. GOINES, (COMPUTATION OFFICER); MARY
COCKERHAM & FRAN FOSTER, (COMPUTATION – CLERKS);
WARDEN RICHARD PEABODY, (L.S.P.)

Judgment rendered: September 23, 2005

\*\*\*\*\*\*\*\*\*\*

On Appeal from the 19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
Suit Number: 498,799; Division M (26)
The Honorable Kay Bates, Judge Presiding

\*\*\*\*\*\*\*\*\*\*

Preston G. Demouchette, Jr.          <u>Counsel for Plaintiff/Appellant</u>
In Proper Person                     Preston G. Demouchette, Jr.
Angola, LA


L. Bruce Dodd                        <u>Counsel for Defendant/Appellee</u>
Angola, LA                           Richard Stalder, et al.


BEFORE:  CARTER, C.J., DOWNING AND GAIDRY, JJ.

(B.)



**DOWNING, J.**

The petitioner is serving two ninety-nine year sentences as a prisoner at the Louisiana State Penitentiary, Angola, on two separate counts of armed robbery. Petitioner states that on May 11, 1994, he opted to receive "double good time" instead of extra incentive wages pursuant to LSA-R.S. 15:571.3B. The petitioner claims that since he was not legally entitled to make this selection pursuant to LSA-R.S. 15:571.3C(1)(k), his option should be revoked. Therefore, the sole issue on appeal is whether, due to petitioner's armed robbery conviction, he is eligible to receive "double good time."

In ARP proceeding #LSP-02-3531, the Department of Public Safety and Corrections (DPSC) determined that since petitioner was sentenced prior to the 1990 enactment of the "double good time" statute, LSA-R.S. 15:571.3, he was eligible to receive the benefit. Petitioner appealed. The Commissioner's report states that the prisoner failed "to recognize the distinction between release on parole pursuant to an order by the Board of Parole under R.S. 15:574.2 - 15:574.11, and release as if on parole pursuant to diminution of sentence as provided by R.S. 15:571.3 – 15:571.8." The district court affirmed the DPSC decision and judgment was signed on May 10, 2004.

After a thorough review of the record and relevant jurisprudence, we conclude that the district court did not err in affirming the DPSC decision which held that the petitioner was entitled to "double good time" pursuant to LSA-R.S. 15:571.3A(1).

In addition, briefly addressing an issue not raised by petitioner, the Commissioner's report suggests that petitioner actually seeks to void his prior selection of double good time in order to receive the incentive wage

compensation pursuant to LSA-R.S. 15:571.3B, and that DPSC has no provision to revoke his selection under its regulations. However, even under the most liberal construction of petitioner's brief, this issue is not raised. Accordingly, we pretermit any ruling or discussion regarding whether revocation of this option is open to petitioner as this matter is not properly before us.

Therefore, we affirm the judgment in accordance with Uniform Court of Appeal Rule 2-16.2A(2), (4), and (6). All costs of this appeal are assessed to petitioner, Preston G. Demouchette, Jr.

**AFFIRMED**

(D.)

JAG 1726

GOOD TIME RATE OPTION AND APPROVAL FORM

IN ACCORDANCE WITH R.S. 15:571.3, I DO HEREBY PROCLAIM THAT I WISH TO BECOME ELIGIBLE TO RECEIVE GOOD TIME AT THE RATE OF THIRTY DAY FOR EVERY THIRTY DAYS IN ACTUAL CUSTODY.

IT IS MY CLEAR UNDERSTANDING THAT IF THIS OPTION IS APPROVED BY THE SECRETARY OF THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS OR HIS DESIGNATED REPRESENTATIVE, I CANNOT REVOKE IT DURING THE SENTENCE OR TERM FOR WHICH I AM INCARCERATED.

I UNDERSTAND THAT IF I AM APPROVED TO BECOME ELIGIBLE TO RECEIVE THIS INCREASED RATE OF GOOD TIME, I WILL NOT RECEIVE INCENTIVE WAGES AND WILL NOT BE DEEMED INDIGENT AS DEFINED BY THE DEPARTMENT EXCEPT FOR THE NECESSITIES OF LIFE AND SERVICES REQUIRED BY LAW AND THE REGULATIONS OF THE DEPARTMENT.

I FURTHER UNDERSTAND THAT I MAY FAIL TO EARN GOOD TIME THROUGH DISCIPLINARY ACTIONS AND OTHER MEANS AS PROVIDED BY LAW. I HAVE BEEN FULLY ADVISED ON THE LAW AND DEPARTMENTAL POLICIES AND PRACTICES PRIOR TO MY SIGNING THIS FORM.

I ACKNOWLEDGE THAT THE DEPARTMENT MAY VOID THIS OPTION AT ANY TIME, IN THE EVENT THAT IT IS DETERMINED THAT I AM INELIGIBLE TO RECEIVE GOOD TIME AT THIS PARTICULAR RATE.

( ) OFFENDER DOES WANT TO RECEIVE GOOD TIME AT THE RATE OF THIRTY DAYS FOR EVERY THIRTY DAYS IN ACTUAL CUSTODY PURSUANT TO R.S. 15:571.3.

( ) OFFENDER DOES NOT WANT TO RECEIVE GOOD TIME AT THE RATE OF THIRTY DAYS FOR EVERY THIRTY DAYS IN ACTUAL CUSTODY PURSUANT TO R.S.15:571.3.

SIGNED: _Preston George Demouchet_ #__90331__ DATE: _5/10/ay_

(✓) _Preston Demouchet_ HAS BEEN APPROVED TO BECOME ELIGIBLE TO RECEIVE GOOD TIME AT THE RATE OF THIRTY DAYS FOR EVERY THIRTY DAYS IN ACTUAL CUSTODY EFFECTIVE __1-1-92__.

( ) _____ HAS BEEN FOUND NOT ELIGIBLE FOR THE INCREASED RATE OF GOOD TIME.

SIGNED: _____ INSTITUTION: _LSP_____ DATE: _5-18-94_
    (WARDEN)

( ) OFFENDER REFUSED TO SIGN OPTION FORM.

WITNESS _____ DATE _____

WITNESS _____ DATE _____

EXHIBIT S#2

CASE NUMBER: LSP-2012-0199

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: DEMOUCHETTE, PRESTON 90331          D RAV 1/R
                                                        Living Quarters

Response to request dated 01/18/2012, received in this office on 01/23/2012

This is in response to your request for administrative remedy in which you request to be released from custody due to a discrepancy in your sentencing minutes and your criminal commitment.

Our office has sent you a copy of all of the court documents we have in your record pertaining to your incarceration. We do not have a copy of your criminal commitment in your file. If you have a copy, you may send it to our office and we will investigate the discrepancy. With the information we have at this time, your time computation is correct.

Your request for administrative remedy is denied.

Prepared by: _Tessie Cooley_ NG

Tessie Cooley, Corrections ARDC Specialist 3

_3-1-2012_
          Date                                    Unit Head

Instructions to Offender: If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

[✓] I am not satisfied with this response and wish to proceed to Step Two.

Reason: _Mrs. Cooley, Admits, "Theres No Copy of My Criminal-
Commitment, In My Files," So, How Can The D.O.C.
Re-Tain An Illegal Custody of My Person Without IT?
IT's Obvious._

_MARCH 10, 2012._                         _Preston H Demouchette #90_
          Date                              Offender's Signature   DOC#