**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOEL GIROIR, on behalf of himself and all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections; and THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,<br><br>Defendants. | CIVIL ACTION NO. 3:21-cv-108-JWD-SDJ |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE/EXCLUDE CERTAIN EVIDENCE OFFERED BY PLAINTIFF IN SUPPORT OF MOTION TO CERTIFY CLASS**

Plaintiff submits this memorandum in opposition to Defendants' motion to strike (ECF No. 28).

**I.     Background**

The Louisiana Department of Public Safety & Corrections ("the DOC") has been unlawfully and knowingly overdetaining thousands of Louisiana residents in its custody every year. Named Plaintiff Joel Giroir was illegally detained for 27 days following his legal release date at St. Tammany Parish Jail. Plaintiff filed this class action lawsuit on February 19, 2021, on behalf of himself and others similarly situated, seeking injunctive relief from the DOC's ongoing practice of detaining people past their legal release dates in violation of the United States Constitution and Louisiana state law. Compl., ECF. No. 1.

On September 10, 2021, Plaintiff moved to certify a class of all persons who have been, or will be, sentenced to the custody of the Louisiana DOC, and who were, or will be, entitled to release

1

at the time of their sentencing, but who nevertheless remain in custody, now or in the future, for more than 48 hours past their sentencing dates. Mot. for Class Cert., ECF No. 25. Plaintiff offered multiple pieces of evidentiary support to show that the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(2), as well as to demonstrate that the proposed class is ascertainable. *See id.* Plaintiff's motion for class certification is fully briefed and is pending before this Court.

On October 1, 2021, contemporaneously with their opposition to class certification, Defendants filed a "Motion to Strike/Exclude Certain Evidence Offered by Plaintiff in Support of Motion to Certify Class." Defs.' Mot. to Strike, ECF No. 28. Therein, Defendants argue that certain documents offered as evidence by Plaintiff in support of his motion for class certification should be stricken because they are not admissible or relevant to the issues before this Court. *Id.* at 1. Defendants go so far as to ask this Court to strike Secretary LeBlanc's own emails as not authenticated, even though Defendants do not actually dispute the authenticity of the emails. *Id.* at 9-10.

Defendants' motion to strike relies upon an erroneous interpretation of the legal standard regarding the admissibility of evidence in class certification proceedings. Furthermore, even if Defendants correctly state the standard for admissibility of evidence in class certification proceedings, the evidence offered by Plaintiff in support of class certification is admissible under the Federal Rules of Evidence. For these reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to strike.

## II. Law and Argument

### A. Defendants Incorrectly Assert that the Federal Rules of Evidence Apply to the Admissibility of Evidence in Class Certification Proceedings

Defendants distort the standard of evidence applicable to class certification proceedings. Federal Rule of Civil Procedure 23 governs class certification. "A party seeking to maintain a class action must be prepared to show that Rule 23(a)'s numerosity, commonality, typicality, and adequacy-of-representation requirements have been met, and must satisfy through evidentiary proof at least one

of Rule 23(b)'s provisions." *Comcast Corp. v. Behrend*, 569 U.S. 27, 27 (2013) (internal citation omitted). While Defendants are initially correct that a party seeking certification must satisfy the Rule 23 requirements through evidentiary proof, *id.*, they are incorrect in stating that all evidence provided in support of certification should be admissible under the Federal Rules of Evidence.

For their argument, Defendants rely on the Fifth Circuit's holding in *Unger v. Amedisys Inc.*, 401 F.3d 316 (5th Cir. 2005), but they misinterpret that decision. In *Unger*, the Fifth Circuit addressed "the standards and procedures used by district courts when considering certification of securities class actions dependent on the 'fraud on the market' theory." *Id.* at 319. Recognizing the difficulties of determining whether a stock is traded in an "efficient market" and the possibility of a "battle of the experts" on this issue at the class certification stage, the Fifth Circuit held that "when a court considers class certification based on the fraud on the market theory, it must engage in thorough analysis, weigh the relevant factors, require both parties to justify their allegations, and base its ruling on admissible evidence." *Id.* at 323-25. By selectively quoting from *Unger*, Defendants ignore the fact that neither the reasoning nor the holding set forth in *Unger*—which is, by its terms, limited to a specific subset of securities class actions—apply to this civil rights class action lawsuit.

District courts in this circuit have declined to broaden *Unger*'s admissibility requirement beyond fraud on the market class certifications. *See, e.g., Edwards v. City of Tupelo*, No. 1:17-CV-131-DMB-DAS, 2019 U.S. Dist. LEXIS 163116, at *12 n.9 (N.D. Miss. Sep. 24, 2019) ("Because nothing in *Unger* suggested the admissibility requirement was intended to extend beyond fraud-on-the-market class certifications, the Court would be inclined to follow the majority rule that evidence supporting a motion for class certification need not be admissible under the Federal Rules of Evidence."); *Steward v. Janek*, 315 F.R.D. 472, 478 (W.D. Tex. 2016) ("At [the class certification] stage . . . the rules of evidence do not apply in full force."). Even outside this Circuit, "most district courts addressing this question have held that evidence need not be admissible under the Federal Rules of Evidence—or

that the rules should not be applied strictly—on a motion for class certification." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 124 n.3 (S.D.N.Y. 2012) (collecting cases).

Indeed, the leading treatise on class actions summarizes the relevant law as follows: "Most circuits have held that a court need not make formal findings that evidence submitted on the class certification motion is in fact admissible evidence, with only the Fifth Circuit, in one limited context, requiring admissible evidence [*citing Unger*] . . . appli[ed] . . . to *expert testimony* . . . ." 3 Newberg on Class Actions § 7:19 & n.18.30 (emphasis original; identifying the "one limited context" as class actions involving a "fraud on the market theory"). While *Unger* certainly constitutes authoritative precedent, it has no bearing here: it applies to a particular form of evidence—expert testimony—relating to a particular scenario—a fraud on the market theory—that has no relevance either to this case or to the evidence Defendants seek to exclude.

Even at the summary judgment stage, the "substance or content of the evidence . . . may be presented in a form that would not, in itself, be admissible at trial." *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (internal citations omitted). Class certification is an even more preliminary stage, as it must occur "[a]t an early practicable time after a person sues or is sued as a class representative," summary judgment occurs at a far later stage of litigation, generally following the close of discovery.[1] *See* Fed. R. Civ. P. 23(c)(1)(A). As recognized by the Eighth Circuit in *Cox v. Zurn Pex, Inc. (In re Zurn Pex Plumbing Prods. Liab. Litig.)*, a court's inquiry on a motion for class certification is "tentative," "preliminary," and "limited," and therefore "there is bound to be some evidentiary uncertainty." 644 F.3d 604, 613 (8th Cir. 2011). At this early stage in the litigation, engaging in full-fledged admissibility disputes normally reserved for motions *in limine* does not enhance the truth-seeking function; rather, doing so merely distracts from the relevant legal issues before this Court.

---

[1] Plaintiff originally filed for class certification on February 19, 2021, the same day as the Complaint was filed. ECF No. 1; ECF No. 3. Defendants thereafter moved to continue class certification briefing deadlines to allow for discovery. ECF No. 6-1; ECF No. 20 at 1 (ordering a 120-day discovery period regarding class certification).

Because the Federal Rules of Evidence do not apply with full force at the class certification stage, Defendants' motion to strike, which is premised on a rigid application of the Federal Rules of Evidence (as though the case were already at trial), should be denied. Moreover, for the reasons that follow, even if the Court were to engage in a rigid application of the Federal Rules of Evidence, the challenged evidence is admissible.

### B. Even if the Federal Rules of Evidence Apply at the Preliminary Class Certification Stage, Plaintiff's Evidence Offered in Support of his Motion for Class Certification is Admissible

Defendants move to strike (i) prior deposition testimony (ECF Nos. 1-2; 1-5; 1-6; 1-8; 1-9; 3-3; 25-4), (ii) a Nola.com article (ECF No. 25-1, fn.2), (iii) the Louisiana Legislative Auditor Report (ECF No. 25-5), (iv) an email from Secretary LeBlanc (ECF No. 3-4), and (v) a letter from attorney Caroline Gabriel (ECF No. 25-6). Contrary to Defendants' arguments, each type of document is admissible. Plaintiff addresses each in turn.

#### i. Deposition Testimony[2]

Defendants' contention that several deposition excerpts offered by Plaintiff should be stricken because the depositions were taken in different cases involving different parties misconstrues the standards governing admissibility of deposition testimony. Federal Rule of Civil Procedure 32(a)(8) allows deposition testimony "lawfully taken . . . in any federal- or state-court action" to be used "in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). Rule 32(a)(8) also provides for former deposition testimony to be used as allowed by the Federal Rules of Evidence. *Id.* Federal Rule of Evidence 804(b)(1) provides for the admissibility of former deposition testimony where "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the

---

[2] ECF Nos. 1-2; 1-5; 1-6; 1-8; 1-9; 3-3; 25-4.

testimony." Fed. R. Ev. 804(b)(1). Because this case involves the same defendants and subject matter as the prior overdetention actions in which the challenged depositions were taken, and because Defendants had the requisite similar motive to develop the deponents' testimony in the prior and instant actions, the depositions are admissible here.

Defendants' reliance on *Powertrain, Inc. v. Ma* is inapposite. In *Powertrain*, the court excluded prior deposition testimony from another case, finding that the prior case "did not involve the 'same parties'" and "did not 'involve the same subject matter'" because the prior case presented trademark infringement issues while *Powertrain* involved imports and sales. 88 F. Supp. 3d 679, 690 (N.D. Miss. 2015). The court additionally found it "particularly disturbing" that in the prior case, the *Powertrain* plaintiff and defendant were "aligned with the same interests" and therefore the *Powertrain* defendant "had no opportunity to cross-examine or otherwise structure the content of the inquiry" in the prior case. *Id.* at 690-91.

Unlike in *Powertrain*, the prior deposition testimony presented by Plaintiff in support of class certification here involves the same subject matter: the DOC's overdetention problem. In fact, the prior cases in which the depositions were taken raised several identical claims to the instant action, including Section 1983 claims, due process claims, false imprisonment claims, negligence claims, and so on—all stemming from the plaintiffs' allegations of systematic overdetention at the DOC and the persistent failure of the DOC to mitigate this problem. Also unlike in *Powertrain*, Secretary LeBlanc (along with the DOC or other DOC employees) is a named defendant in the prior actions, and at no point were the defendants' interests aligned with those of the plaintiffs in any of the prior cases, thereby providing Defendants with ample opportunity to cross-examine and structure the inquiry. Indeed, the challenged deposition excerpts contain inculpating admissions from the same defendants for the same unlawful practices that Plaintiff alleges in this case. For these reasons, Defendants also had the requisite similar motive to develop the deponents' testimony in the prior actions. *See Battle v.*

*Mem'l Hosp.*, 228 F.3d 544, 552 (5th Cir. 2000) (explaining that "similar motive does not mean identical motive" and noting that "the similar-motive inquiry appropriately reflects narrow concerns of ensuring the reliability of evidence admitted at trial.").

The fact that the instant action seeks class certification does not disturb the admissibility of the challenged testimony. Instead, it highlights the similarity of motive and similarity of subject matter among these overdetention cases. *See Baldwin-Montrose Chemical Co. v Rothberg*, 37 F.R.D. 354, 356 (S.D.N.Y. 1964) ("[I]f a situation arises where there are common questions of law or fact and a substantial identity of issue, this court may order use of depositions and interrogatories taken in one action to be used in the other."). Indeed, the same deposition testimony that Defendants challenge here has been admitted as evidence in several overdetention cases in which the DOC and Secretary LeBlanc were named defendants. *See* ECF No. 28 at 2 (compiling cases in which the same deposition testimony was presented). Yet Defendants now suggest that Plaintiff should waste both parties' time and resources to depose the same six individuals on the same issues for a second time. Doing so would not only be a needless expenditure of resources, but would also result in further delays of the preliminary class certification determination in this litigation. For these reasons, the deposition excerpts offered by Plaintiff in support of class certification should not be stricken.[3]

    ii.    **Nola.com Article (ECF No. 25-1, fn.2)**

Contrary to Defendants' assertions, the newspaper article[4] offered by Plaintiff in support of class certification is both admissible and relevant. First, the article is not hearsay because it is not

---

[3] Plaintiff initially submitted deposition excerpts solely to improve readability and facilitate this Court's review of the motion for class certification. Had Defendants previously requested a full copy of the transcripts, Plaintiff would have provided full copies via email or otherwise. In light of Defendants alternative request for full transcript and Federal Rule of Civil Procedure 32(a)(6), Plaintiff has attached the full deposition transcripts to this briefing. Ex. A-F; *see also* Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts.").

[4] Emily Lane, *2 Freed After Being Illegally Jailed, but 'Over 100' others Affected by Missing Paperwork: Lawyers*, TIMES-PICAYUNE (Jan. 14, 2017 4:00 AM), https://www.nola.com/news/crime_police/article_969c5f74-e32d-56d7-adc4-55c591d85998.html.

7

offered for the truth of the matter asserted. The article chronicles the overdetention problem at the DOC and surrounding litigation; however, it is offered by Plaintiff to show that Defendants have been aware of pervasive, ongoing overdetention in Louisiana. In addition, as Defendants themselves acknowledge, the article is offered "to infer that the media is aware of alleged over-detention in Louisiana." ECF No. 28-1 at 8. The article is thus not offered for the truth of the issues on which it reports; rather, it is offered to support Plaintiff's assertions that the DOC, and the media, knew of rampant overdetention by the DOC. Therefore, the Nola.com article is not hearsay.[5]

Second, the article is relevant to the existence of a common question of fact in this case: whether Defendants were deliberately indifferent to the overdetention of people in DOC custody. *See* ECF No. 25-1 at 13. Specifically, the public's awareness of alleged overdetention in Louisiana is probative as to whether Defendants had notice of a widespread problem affecting putative class members. For these reasons, the Nola.com article is relevant and admissible and therefore should not be stricken from Plaintiff's motion for class certification.

### iii.     Louisiana Legislative Auditor Report (ECF No. 25-5)

Defendants urge this Court to strike the Legislative Auditor Report offered by Plaintiff in support of class certification. Defendants' assertion that the report "bears no relevance to the issues considered by the Court" is not a basis to strike evidence offered in support of the motion for class certification. Rather, it is a thinly-veiled attempt to exclude relevant evidence supporting certification. In fact, the Legislative Auditor Report contains several findings that bear on this Court's class certification determination. For example, the report notes that "[f]ive . . . of 40 computations tested had inaccurate information . . . resulting in inaccurate release dates or parole eligibility classifications," thereby supporting a finding of numerosity of proposed class members. ECF No. 25-5 at 4. In

---

[5] Additionally, the article was cited in May 2019 in the complaint filed by the plaintiff in another federal overdetention lawsuit in the Eastern District of Louisiana. *Traweek v. Gusman*, No. 2:19-cv-1384 ECF 16 ¶ (E.D. La. May 16, 2019).

addition, the report states that "[t]he Department does not have a formal policy that requires a review of the sentence computation by a supervisor or other experienced staff." *Id.* This legislative finding supports Plaintiff's argument that a common question of fact exists as to whether Defendants have failed to adopt a policy or policies to mitigate overdetention. *See* ECF No. 25-1 at 13. Therefore, the Louisiana Legislative Auditor report is relevant to the issues before this Court and should not be stricken from Plaintiff's motion for class certification.

Although Defendants move to strike the October 2019 Legislative Auditor Report attached to Plaintiff's motion for class certification (ECF No. 25-5), Plaintiff notes that his counsel had intended to attach the 2017 Louisiana Legislative Auditor Report (rather than the 2019 Report), as the 2017 Report is referenced by Plaintiff in his motion for class certification. To correct this inadvertent mistake, undersigned counsel has attached the 2017 Report here as Exhibit G. This error has no material effect on the substance of Defendants' motion to strike the Legislative Auditor Report.

### iv. Secretary LeBlanc's Email to Louisiana Clerks of Court (ECF No. 3-4)

Defendants' assertion that the email from Secretary LeBlanc to the director of the Louisiana Clerks of Court is unauthenticated and thus inadmissible flies in the face of federal principles of self-authentication and is yet another attempt by Defendants to exclude inculpating admissions. Under Federal Rule of Evidence 901, "the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." *United States v. Arce*, 997 F.2d 1123, 1128 (5th Cir. 1993); Fed. R. Civ. P. 901(a). The Fifth Circuit has explained "Rule 901 does not limit the type of evidence allowed to authenticate a document. It merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *McLain v. Newhouse (In re McLain)*, 516 F.3d 301, 308 (5th Cir. 2008) (internal citations omitted). Indeed, a proponent may authenticate a document by its "own distinctive characteristics and the circumstances surrounding its discovery." *Id.*

9

The email from Secretary LeBlanc to the Louisiana Clerks of Court contains distinctive characteristics that plainly satisfy Rule 901's self-authentication requirements. The email header states that it was sent from "James M. LeBlanc/CORRECTIONS" to "directorlaclerks@yahoo.com." ECF No. 3-4 at 1. Other DOC employees with email addresses associated with the DOC (Seth Smith, Angela Whittaker, and Angela Griffin) are also identified as recipients of the email. *Id.* The email includes a date and time stamp as well as a subject line that reads "Meeting Follow-Up." *Id.* Together, these distinctive characteristics support a finding that the email was sent by Secretary LeBlanc to the Louisiana Clerks of Court and Defendants offer no evidence to the contrary. *See United States v. Hoffman*, No. 14-022, 2015 U.S. Dist. LEXIS 42818, at *5-6 (E.D. La. Apr. 1, 2015) (finding that distinctive characteristics including "the names of the defendants and other employees of . . . various entities, computer server addresses associating the emails with the defendants and affiliated companies, and the dates on which the emails were sent and received" render emails authentic "beyond dispute."). Notably, Defendants do not argue that the email is *inauthentic*, or that it was not sent by Secretary LeBlanc.

Moreover, the email from Secretary LeBlanc to the Louisiana Clerks of Court is also admissible because it is a party admission of Defendant James LeBlanc and thus substantive non-hearsay evidence. *Id.*; *see also* Fed. R. Ev. 801(d)(2)(A) (a statement offered against an opposing party and made by the party in an individual or representative capacity is not hearsay). For these reasons, the email should not be stricken from Plaintiff's motion for class certification.[6]

## v. Letter from Plaintiff's Counsel to Angela Griffin (ECF No. 25-6)

Defendants' challenge to the authenticity of the letter from Plaintiff's attorney Caroline Gabriel to DOC employee Angela Griffin is similarly unfounded. The letter is printed on letterhead

---

[6] Undersigned counsel represents that—as indicated by the Bates stamp numbers 000588 and 00589 on the document—the email from Secretary LeBlanc was produced by Defendants in discovery. If the Court requests, Plaintiff is able to produce an affidavit from his counsel swearing this to be true and correct.

from the Law Office of William Most, who is counsel of record for Plaintiff in this matter and seeks to represent the proposed class. ECF No. 25-6; ECF No. 25-1 at 22. The letter also contains several other distinctive characteristics including the date; the electronic signature of the sender; and the recipient's name, address, fax number, and email address. *Id.*; *see also BP Expl. & Prod. v. Cashman Equip. Corp.*, 2016 U.S. Dist. LEXIS 47781, at *8 (S.D. Tex. Apr. 8, 2016) ("Circumstantial factors can also authenticate documents: for example, firm logos, letterheads, pre-printed addresses, dates and telephone numbers can help establish authenticity.").

Nevertheless, in case any doubt remains regarding the authenticity of the letter, Plaintiff has attached a declaration of Ms. Caroline Gabriel stating that she is an attorney employed by the Law Office of William Most and swearing the document to be true and correct. Ex. H, Gabriel Decl. *See Rust v. Bank of Am., N.A.*, 573 F. App'x 343, 345 (5th Cir. 2014) (allowing a document to be authenticated under Rule 901(b)(1) by an affiant with knowledge swearing the document to be true and correct). Accordingly, the letter is authenticated and should not be stricken from Plaintiff's motion for class certification.

### III.   Conclusion

For these reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to strike.

Respectfully submitted this 22nd day of October, 2021.

/s/ *Mercedes Montagnes*
Mercedes Montagnes, La. Bar No. 33287
Nishi Kumar, La. Bar No. 37415
Rebecca Ramaswamy, La. Bar No. 39524
The Promise of Justice Initiative
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
Facsimile: (504) 595-8006
Email: mmontagnes@defendla.org

Sarah Grady (*pro hac vice*)

11

Stephen H. Weil (*pro hac vice*)
John Hazinski (*pro hac vice*)
Loevy & Loevy
311 N. Aberdeen
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
Email: sarah@loevy.com

William Most, La. Bar No. 36914
Most & Associates
201 St. Charles Avenue, Suite 114, #101
New Orleans, LA 70170
Telephone: (504) 509-5023
Email: williammost@gmail.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*/s/ Rebecca Ramaswamy*
Rebecca Ramaswamy
Attorney, La. Bar No. 39524
