UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOEL GIROIR, on behalf of himself and all
similarly situated individuals,

Plaintiff

v.                                                    CIVIL ACTION NO. 3:21-cv-108-JWD-SDJ

JAMES LEBLANC, in his official capacity as
Secretary of the Louisiana Department of
Public Safety & Corrections; and THE
LOUISIANA DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS,

Defendants
*****************************************************************************

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE/EXCLUDE CERTAIN EVIDENCE OFFERED BY PLAINTIFF IN SUPPORT OF MOTION TO CERTIFY CLASS

NOW INTO COURT, through undersigned counsel, come Defendants James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, and the Louisiana Department of Public Safety & Corrections (hereinafter, "Defendants" or "DPS&C"), who present the Court with this Reply Memorandum in Support of DPS&C's Motion to Strike/Exclude Certain Evidence Offered by Plaintiff in Support of his Motion to Certify Class. (R. Doc. 28).

In opposition to this Motion, Plaintiff offers flawed arguments unsupported by case law and attempts to muddle the evidentiary issues before this Court by offering unrelated arguments and additional evidence. All of the proffered evidence sought to be stricken by this Motion should be excluded from consideration on Plaintiff's Motion to Certify Class.

## I.    LAW AND ARGUMENT

### 1.    Federal Rules of Evidence Apply to Admissibility of Evidence in Class Certification Proceedings

Plaintiff argues in his opposition that at the class certification stage there is a relaxed evidentiary standard. Relying on the Supreme Court's ruling in *Comcast Corp. v. Behrend*, Plaintiff asserts that although they must satisfy all the elements under Federal Rule of Civil Procedure 23 with evidentiary proof, that the evidentiary proof does not have to be admissible under the Federal Rules of Evidence. This position misstates the Fifth Circuit's holding on this preliminary issue.

DPS&C agrees that the Supreme Court's ruling in *Comcast* is the governing law at the class certification stage.[1] However, the Fifth Circuit has further narrowed this rule in *Unger v. Amedisys* to require that the evidentiary proof offered must be admissible under the Federal Rules of Evidence.[2]

The Fifth Circuit in *Unger* expressly set forth the rule that "a careful certification inquiry is required and finding must be made based on adequate admissible evidence to justify class certification."[3] Plaintiff argues in his opposition that the Fifth Circuit in *Unger* intended to limit their ruling solely to the subject matter which they were analyzing: "fraud on the market" cases. Although the Fifth Circuit was ruling on class certification in a securities fraud action, the Court offered no limitations or restrictions to their holding. The reasoning offered by the Court for their ruling was not case or subject matter specific, and further the Court offered no constraints on how its ruling should be applied in future cases. This Court should follow the Fifth Circuit's holding in *Unger* that class certification evidence must satisfy the Federal Rules of Evidence.

---

[1] *Comcast Corp. v. Behrend*, 569 U.S. 27; 133 S.Ct. 1426; 185 L.Ed.2d 515 (2013).
[2] *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir.2005).
[3] *Unger v. Amedisys Inc.*, 401 F.3d 316, 319 (5th Cir.2005).

Plaintiff also incorrectly claims in his opposition that other Circuit Courts besides the Fifth Circuit have failed to agree or offer analogous opinions to that of the Fifth Circuit. In addition to the Fifth Circuit, a handful of other United States Circuit Courts, including the First, Second and Third Circuit, have issued opinions which offer that all evidence considered at the class certification stage must be admissible under the Federal Rules of Evidence. Specifically, the First Circuit *in In re: Asacol Antitrust Litigation* held that "[t]he fact that plaintiffs seek class certification provides no occasion for jettisoning the rules of evidence and procedure, the Seventh Amendment, or the dictate of the Rules Enabling Act."[4] The Second Circuit in *In re: Initial Public Offering Securities Litigation* held that a district judge is only to assess "all of the relevant evidence admitted at the class certification stage."[5] Further, the Third Circuit in *In re: Hydrogen Peroxide Antitrust* the Court held that under the Federal Rules of Civil Procedure 23 the district court must consider all "relevant evidence" presented, suggesting that only evidence admissible under the Federal Rules of Evidence should be considered at the class certification stage.[6]

Accordingly, in all cases involving a request for class certification, a District Court must assess the admissibility of evidence offered by the moving party prior to considering whether to certify a class.[7]

### 2. Prior Depositions Offered by Plaintiff Should be Stricken/Excluded Because DPS&C did not have a Similar Motive

Besides the applicable evidentiary standard at issue, Plaintiff's arguments on each rice of proffered evidence should be rejected. Plaintiff attaches and relies on multiple deposition excerpts (R. Doc. 1-2; 1-5; 1-6; 1-8; 1-9; 3-3; and 25-4) taken in other unrelated cases, involving other

---

[4] *In re Asacol Antitrust Litig.*, 907 F.3d 42 (1st Cir.2018).
[5] *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24 (2d Cir.2006), *decision clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir.2007).
[6] *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir.2008), *amended* (Jan. 16, 2009).
[7] *Campbell v. National Railroad Passenger Corporation*, 311 F.Supp.3d 281, 310-311 (D.D.C. 2018).

parties in his Motion to Certify Class. To attempt to fix the problem, Plaintiff attaches the full transcript of the depositions to his opposition (R. Doc. 31-1, 31-2, 31-3, 31-4, 31-5, 31-6).[8] As previously asserted, although Federal Rule of Civil Procedure 32 allows for a deposition that was lawfully taken to be used in a future action, the rule further requires that the matter must both involve the same subject matter and the same parties, so the parties have "similar motive" in taking the deposition testimony.[9] Similar motive is defined as the party having the same interest in developing the testimony and prevailing on the issue as the party in the prior action did.[10]

Plaintiff argues in his opposition that under Federal Rule of Evidence 801 and relevant case law, the motives of the parties solely may be similar, and do not need to be identical to find that parties have a "similar motive."[11] DPS&C agrees with Plaintiff's assertion and acknowledges that Plaintiff's claims in the instant case are associated to the claims in the prior cases as they both involve claims of alleged over-detention. However, just because the case topics are related does not make the motive of the parties similar so as to satisfy the Federal Rules of Evidence. DPS&C's motive in developing testimony in the matters vary as the allegations and relief sought by the plaintiffs are not the same throughout all the cases.

In this case, involving different parties, Plaintiff raises additional claims of state law intentional infliction of emotion distress, and allegations against the policies and procedures DPS&C has in place. These additional claims against DPS&C change the motive and interest and further add an additional line of questioning which DPS&C would pursue in direct, cross, and re-direct examination of the deposed parties. Additionally, in the prior cases DPS&C was able to

---

[8] Notably, Plaintiff has not asked to supplement the record on the Motion to Certify Class, instead only offering them in support of his opposition to this Motion.
[9] Fed. R. Evid. 804.
[10] *Vedros v. Grumman,* Civil Action No: 11-1198 Section: "J" (4) (E.D. La. Jun. 8, 2015) citing *United States v. DiNapoli,* 8 F.3d 909, 912 (2nd Cir.1993).
[11] *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544 (5th Cir.2000).

pursue direct lines of questioning specific to the singular plaintiffs, while in the instant case the more expansive class proposed by Plaintiff develops and shifts DPS&C's line of questioning and motive it would pursue in direct, cross, and re-direct examination. Further, Plaintiff admits that this case raises additional claims as they argue that the instant case only raises "several" of the same claims, not most or all.[12]

Thus, since DPS&C presently has a more expansive interest in developing the testimony of these parties by direct, cross or redirect examination it cannot be found that DPS&C has a "similar motive" as required under Federal Rule of Evidence 804. Therefore, under the plain language of Rule 804(b)(1), all of the offered deposition excerpts should be stricken or excluded.

### 3. Newspaper Articles are Inadmissible Hearsay and Irrelevant to a Determination of Class Certification

Plaintiff offers an online newspaper article describing two incidents of alleged over-detention in the Louisiana area titled "2 Freed After Being Illegally Jailed, but 'Over 100' others Affected by Missing Paperwork" (R. Doc. 25-5 fn.2).[13] Plaintiff argues that the newspaper offered is both admissible and relevant to Plaintiff's class certification.

Plaintiff asserts that the article is not hearsay because it is not offered for the truth of the matter asserted, as it is being used solely to show that DPS&C has been aware of over-detention in Louisiana. The newspaper article discusses the instances of over-detention in Louisiana and that DPS&C has knowledge of and plays a role in the over-detention issue. As Plaintiff admitted he is offering the article to show that DPS&C was aware of the over-detention in Louisiana; thus, Plaintiff is offering the article for the truth of the matter asserted. Therefore, the newspaper article offered by Plaintiff is hearsay and inadmissible under the Federal Rules of Evidence.

---

[12] Of course, Plaintiff could have avoided this issue altogether by simply taking the deponent's deposition in this case.
[13] https://www.nola.com/news/crime_police/article_969c5f74-e32d-56d7-adc4-55c591d85998.html.

Additionally, the Fifth Circuit has routinely held that newspaper articles offered for the truth of the matter asserted are hearsay and thus inadmissible under the Federal Rules of Evidence.[14]

Further, Plaintiff argues that the newspaper article is relevant as it is applicable to whether DPS&C was "deliberately indifferent to the over detention of people in DOC custody." The issue currently before this Court is class certification under Federal Rule of Civil Procedure 23. Whether DPS&C was "deliberately indifferent to the over detention of people in DOC custody" does not have the tendency to make any of the elements under Federal Rule of Civil Procedure 23 which Plaintiff has the burden to prove more or less probable.

Accordingly, DPS&C asserts that the Nola.com article cited by Plaintiff, written by a third party, Emily Lane, should be stricken.

### 4. Irrelevant Reports are Inadmissible Under Federal Rules of Evidence 401

Plaintiff also offers a 2019 Legislative Auditor Report conducted on the DPS&C to investigate sentence computations (R. Doc. 25-5) to his Motion to Certify Class. Plaintiff cites this report to support his claim that there is a problem with computation of offenders' sentences by DPS&C. Plaintiff identifies in his opposition that he attached the incorrect report and intended to attach the 2017 Legislative Auditor Report in support of his Motion to Certify Class. To attempt to fix this problem, Plaintiff attached the 2017 Legislative Auditor Report to his opposition.[15] However, Plaintiff offers no argument as to why either the 2017 or 2019 Legislative Auditor

---

[14] *James v. Texas Collin Cty.*, 535 F.3d 365 (5th Cir.2008); *Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir.2005); *Dallas Cty. v. Commercial Union Assur. Co.*, 286 F.2d 388 (5th Cir.1961).

[15] Plaintiff attached the 2019 Legislative Auditor Report as an exhibit to his opposition to this Motion  and has not attempted to supplement the exhibits to his Motion to Certify Class.

Reports are relevant to his Motion for Class Certification or as to why they are admissible under the Federal Rules of Evidence.

However, even if Plaintiff had attached the intended report to his initial motion, both the 2017 and 2019 Legislative Auditor Reports are irrelevant under Federal Rule of Evidence 401. At the class certification stage Plaintiff is required to prove the elements under Federal Rule of Civil Procedure 23. Both reports cited by Plaintiff analyze the Department of Corrections computation of offender's sentences, which bear no relevance to any of the elements Plaintiff is seeking prove under Rule 23. Accordingly, as only relevant evidence is admissible under the Federal Rules of Evidence, both reports should be stricken.[16]

### 5. Unauthenticated Emails are Inadmissible Evidence under Federal Rules of Evidence Article 901

Plaintiff also attaches an email from Secretary James Leblanc to the director of the Louisiana Clerks of Court to analyze certain remedial actions (R. Doc. 3-4). Plaintiff argues that the email is self-authenticating. For an email to be self-authenticating it must include identifying factors such as the sending email address, the computer server addresses associating the emails with the parties, the context of the emails and dates of when the emails were sent and received.[17] DPS&C agrees with Plaintiff that the email does include an identifying factor which is the date and time the email was sent; however, it does not include any identifying features of Secretary Leblanc besides his typed name, does not include any identifying letterhead of the Department of Corrections, does not include the email from which the correspondence originated, does not offer any email server which associates this email to James M. LeBlanc and only provides the subject

---

[16] Fed. R. Evid. 402.
[17] *Progressive Waste Sols. of LA, Inc. v. St. Bernard Par. Gov't,* Civil Action No. 16-8669 Section "L" (5) (E.D. La. Aug. 9, 2016) and *United States v. Hoffman*, Criminal Action No. 14-022 Section "F" (E.D. La. Dec. 9, 2015).

line "Meeting follow-up" as the topic offering no context as to which meeting it is referencing and who was involved in the meeting.

Plaintiff also argues that the email is admissible under Federal Rule of Evidence 801(d)(2)(A) as a party admission since the email is signed with Secretary Leblanc's name. Federal Rule of Evidence 801(d)(2)(A) offers an exception to the hearsay rule, stating that any statement offered against an opposing party which was made by the party in an individual or representative capacity is not hearsay. However, DPS&C never asserted that the email was inadmissible based on hearsay. Additionally, even if Rule 801(d)(2)(A) is applicable, under the Federal Rules of Evidence, evidence is still inadmissible if it has not been authenticated.[18]

Further, DPS&C produced almost 200 pages of documents to Plaintiff in the process of discovery, almost of 100 of those pages being emails. This email was not included in any of the documents DPS&C produced in this case and Plaintiff has not requested that it be produced. For this additional reason, these emails should not be allowed as evidence in this case.

Thus, due to the lack of identifying factors to support a finding that the emails are self-authenticating and admissible under Federal Rule of Evidence 901, the emails should be stricken.

### 6.    Unauthenticated Letters are Inadmissible Evidence under Federal Rules of Evidence Article 901

Plaintiff also offers a letter written from Caroline Gabriel to Angela Griffin (R. Doc. 25-6). Plaintiff offers the letter to attempt to show how an offender's time is calculated. In Plaintiff's opposition he argues to the authenticity of the letter. However, DPS&C never asserted that the letter had not been authenticated, but instead asserted that the letter is inadmissible due to hearsay.

---

[18] Fed. R. Evid. 901 and 902.

Federal Rules of Evidence 801 and 802 set forth that any out of court statement offered for the truth of the matter asserted is hearsay and is inadmissible evidence. The letter offered is being offered for the truth of the matter to attempt to show how sentences are routinely calculated and further how Plaintiff's sentence specifically was calculated. Since the letter is being offered for the truth of its contents, it is considered hearsay and no relevant hearsay exception apply. Accordingly, the letter should be stricken.

## II.    CONCLUSION

At the class certification stage all evidence must be admissible under the Federal Rules of evidence and Defendant moves to strike the following documents cited in Plaintiff's Motion to Certify Class, and those Plaintiff attempted to substitute, as they are inadmissible:

- Deposition excerpt of Secretary James Leblanc from *De'Juan Thomas v. Sally Gryder, James Leblanc, Jerry Goodwin*, Case No. 3:17-cv-01595, MDLA; *Brian McNeal v. Louisiana DPS&C, et al*, Case No. 18-cv-00736, MDLA; *Ellis Ray Hicks v. Louisiana DPS&C, et al*, Case No. 19-108, MDLA; and *Rodney Grant v. Marlin Gusman, et al*, Case No. 17-cv-2797, EDLA (R. Doc. 25-4 and R. Doc. 1-2);
- Deposition excerpt of Angela Griffin from *De'Juan Thomas v. Sally Gryder, James Leblanc, Jerry Goodwin*, Case No. 3:17-cv-01595, MDLA; *Brian McNeal v. Louisiana DPS&C, et al*, Case No. 18-cv-00736, MDLA; *Ellis Ray Hicks v. Louisiana DPS&C, et al*, Case No. 19-108, MDLA; and *Rodney Grant v. Marlin Gusman, et al*, Case No. 17-cv-2797, EDLA (R. Doc. 1-5);
- Deposition excerpt of Angela Whittaker from *De'Juan Thomas v. Sally Gryder, James Leblanc, Jerry Goodwin*, Case No. 3:17-cv-01595, MDLA; *Brian McNeal v. Louisiana DPS&C, et al*, Case No. 18-cv-00736, MDLA; *Ellis Ray Hicks v. Louisiana DPS&C, et al*, Case No. 19-108, MDLA; and *Rodney Grant v. Marlin Gusman, et al*, Case No. 17-cv-2797, EDLA (R. Doc. 1-9);
- Deposition excerpt of Derek Ellis from *De'Juan Thomas v. Sally Gryder, James Leblanc, Jerry Goodwin*, Case No. 3:17-cv-01595, MDLA; *Brian McNeal v. Louisiana DPS&C, et al*, Case No. 18-cv-00736, MDLA; *Ellis Ray Hicks v. Louisiana DPS&C, et al*, Case No. 19-108, MDLA; and *Rodney Grant v. Marlin Gusman, et al*, Case No. 17-cv-2797, EDLA (R. Doc. 1-8);
- Deposition excerpt of Debbie Huddnall from *Johnny Traweek v. Marlin Gusman, et al.*, Case No. 19-1384, EDLA, (R. Doc. 3-3);

- Deposition excerpt of Melanie Gueho from *Rodney Grant v. Marlin Gusman, et al*, Case No. 17-cv-2797, EDLA and *Johnny Traweek v. Marlin Gusman*, Case No. 19-1384, EDLA (R. Doc. 1-6);
- Nola.com article: Emily Lane, 2 Freed After Being Illegally Jailed, but 'Over 100' others Affected by Missing Paperwork: Lawyers, The Times-Picayune (R.Doc. 25-1, at fn. 2);
- Legislative Auditor Report (R. Doc. 25-5);
- Leblanc follow up email (R. Doc. 3-4); and
- Letter from Caroline Gabriel to Angela Griffin (R. Doc. 25-6).

Respectfully submitted,

JEFF LANDRY
Attorney General

By:    /s/ Christopher K. Jones
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 4th day of November, 2021

        /s/ Christopher K. Jones
        CHRISTOPHER K. JONES