## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOEL GIROIR**

**VERSUS**

**JAMES LEBLANC, ET AL.**

**CIVIL ACTION**

**NO.   21-108-JWD-SDJ**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss Pursuant to Rule 12(B)(6)* (Doc. 17) filed by Defendants James LeBlanc ("LeBlanc") and the Louisiana Department of Public Safety & Corrections ("DPSC" or "DOC") (collectively "Defendants"). Plaintiff Joel Giroir ("Plaintiff" or "Giroir") opposes the motion. (Doc. 21.) Defendants filed a reply. (Doc. 24.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the motion is granted in part and denied in part, and Plaintiff is given twenty-eight (28) days within which to file an amended complaint.

### I.      Relevant Background

This civil rights action arises from a claim of over-detention of an inmate in the DOC's custody. The following factual allegations are taken from Plaintiff's *Class Action Complaint* ("Complaint"). (Doc. 1.) They are assumed to be true for purposes of this motion. *Thompson v. City of Waco*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Between 2018 and 2021, Plaintiff was incarcerated at the St. Tammany Parish Jail and in DOC custody at the Concordia Parish Jail in connection with other criminal matters. (Doc. 1 at 3.) On January 26, 2021, while still incarcerated at St. Tammany Parish Jail (*id.*), Plaintiff appeared for a probation revocation and resentencing hearing and was sentenced to one year in DOC

1

custody. (*Id*. at 4.) At that time, however, Plaintiff "had served at least 192 days in jail," such that "he was eligible for immediate release" under Louisiana's "good time" law. (*Id*. (citing La. R.S. § 15:571(B)(1)(a)).) According to the Complaint, in accordance with Louisiana's "good time" law, because of Plaintiff's good behavior and because he was not convicted of a crime of violence, he was only required to serve 35% of his one-year sentence, or 128 days. (*Id*.) Thus, at the time of Plaintiff's revocation and resentencing hearing on January 26, 2021, he had already served 64 days beyond his one-year sentence. (*Id*.) Nevertheless, Plaintiff remained in DOC custody. (*Id*.) Three days after filing the instant lawsuit, Plaintiff was released from DOC custody on February 22, 2021. (*See* Doc. 17-1 at 2 (citing Doc. 17-2).)[1]

Plaintiff avers that his experience is not an aberration. (Doc. 1 at 4.) On the contrary, the Complaint alleges that the DOC has a known pattern and practice of overdetaining people in its custody. (*Id*.) In the Complaint, Plaintiff details the findings of an investigation conducted by the DOC in 2012 (*id*. at 6), which uncovered that the DOC "was overdetaining over 2,000 people each year, with an average of 71.69 'overdue days' per person who was overdetained." (*Id*. (citing Doc. 1-8 at 9).) This investigation also revealed that the DOC took "an average of approximately 79 days to calculate sentences" after receiving sentencing documents from the clerks' and sheriffs' offices. (*Id*. (citing Doc. 1-9 at 6).) Moreover, "the DOC waits nearly 11 days on average to even begin calculating a person's time" once that paperwork is received, according to the Complaint. (*Id*. at 8 (referencing Doc. 1-10).)

---

[1] The Complaint alleges that Plaintiff still had not been released and was presently being overdetained in DOC custody. (Doc. 1 at 4.) But in Defendants' memorandum in support of their motion, they represent that Plaintiff was released on February 22, 2021, and attach a Certificate of Release as Exhibit 1. (*See* Doc. 17-1 at 2 (citing Doc. 17-2).) Plaintiff does not object to this Certificate of Release in his opposition. (*See* Doc. 21.) And in any event, the Court may take judicial notice of this document, which reflects a matter of public record. *See Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-CV-362-JWD-SDJ, 2022 WL 90238, at *6 n.67 (M.D. La. Jan. 7, 2022) (citing *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, No. CV 18-517-JWD-EWD, 2020 WL 448231, at *8 (M.D. La. Jan. 28, 2020) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")).

Plaintiff alleges that LeBlanc, as Secretary of the DOC, has known of the DOC's pattern and practice of overdetention since at least 2012. (*See id*. at 1, 4–6.) Additionally, Plaintiff alleges that LeBlanc testified during a deposition that he is "responsible for the inmates sentenced to the custody of the DOC," whether they are in "a state-run facility, a parish-run facility, or a private-facility." (*Id*. at 5 (citing Doc. 1-2 at 7).) LeBlanc also admitted during his deposition that the DOC is "legally bound to release inmates on their release date." (*Id*. (citing Doc. 1-2 at 8).) Despite the findings of the DOC's investigation in 2012, the DOC failed to take action to correct its overdetention problem, according to Plaintiff, as LeBlanc later admitted in his deposition that people are still being held in DOC custody an average of almost two months past their release dates. (*Id*. at 7 (citing Doc. 1-2 at 10).) LeBlanc has identified certain strategies that could mitigate overdetention; however, Defendants have taken no steps to implement them. (*See id*. at 10–11.)

On February 19, 2021, while still in DOC custody, Plaintiff filed this class action suit against the DOC and LeBlanc, in his official capacity as Secretary of the DOC. (*Id*. at 3.) Plaintiff's Complaint "proposes a class defined as all persons who have been, or will be, sentenced to the custody of the Louisiana DOC, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless remain in custody, now or in the future, for more than 48 hours past their sentencing dates." (*Id*. at 12.) Plaintiff asserts a claim on behalf of himself and the proposed class under 42 U.S.C. § 1983 for violating the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution (Count I). (*Id*. at 16–17.) Plaintiff also asserts state law claims on behalf of himself and the proposed class for violating Article One, Section Two of the Louisiana Constitution (Count II) (*id*. at 17–18); false imprisonment (Count III) (*id*. at 18); negligence (Count IV) (*id*. at 18–19); and intentional infliction of emotional distress (Count V) (*id*. at 19). Plaintiff seeks declaratory and injunctive relief, attorneys' fees and costs, and any other relief the Court

deems proper. (*Id.* at 19–20.) Defendants now move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 17.)

## II.    Rule 12(b)(6) Standard

"Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556. This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will

4

reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id.* at 503.

## III.    Discussion

### A.  Parties' Arguments

#### 1. Defendants' Original Memorandum (Doc. 17-1)

In support of their motion, Defendants assert three grounds for dismissal of Plaintiff's claims. (*See* Doc. 17-1 at 1.) First, Defendants argue that Plaintiff fails to state a claim for prospective relief concerning past harms. (*Id*. at 3–5.) Defendants assert that the proposed class described in the Complaint comprises three groups: (1) inmates who were entitled to release at the time they were sentenced to DOC custody, but remained in custody for more than 48 hours after their release date, and were released; (2) inmates who were entitled to release at the time they were sentenced to DOC custody, but will remain in custody for more than 48 hours past their release date; and (3) inmates who will be sentenced to DOC custody, will be entitled to release, and will remain in custody more than 48 hours past their release date. (*Id*. at 4.) Defendants seek dismissal as to the first group, arguing that Plaintiff cannot seek prospective relief for a past harm. (*Id*.) Defendants argue that the first group of individuals lack standing to pursue injunctive relief because their claims are moot. Defendants represent that, under Supreme Court precedent, claims for injunctive relief require continuing, present harm to the claimant in order to confer standing.

(*Id*. at 4–5 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)).) Accordingly, Defendants argue that any claims for inmates who were released prior to the filing of this lawsuit are moot because there is no likelihood of future injury. (*Id*. at 5.) Notably, Defendants do not challenge the standing of the named plaintiff, Giroir. Instead, Defendants seek dismissal of only those claims for prospective relief as to any past harms. (*Id*.)

Second, Defendants assert that Plaintiff fails to state a claim for injunctive relief because the relief sought is fatally overbroad. (*Id*.) According to Defendants, the Complaint's request for injunctive and declaratory relief that Defendants "comply with Class Members' constitutional rights" and that Defendants "cannot continue to detain people past their legal release dates" is overbroad and conclusory. (*Id*. (citing Doc. 1 at ¶¶ 81–82).) In support of this assertion, Defendants argue that "[t]he scope of injunctive relief is dictated by the extent of the violation established, and an injunction must be narrowly tailored to remedy the specific action necessitating the injunction." (*Id*. (citing *Fiber Sys. Int'l., Inc. v. Roehrs*, 470 F.3d 1150, 1159 (5th Cir. 2006)).) Additionally, Defendants assert that Federal Rule of Civil Procedure 65(d) requires that injunctions have enough specificity "so that those enjoined will know what conduct the court has prohibited." (*Id*. at 5–6 (citing *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981)).) Next, Defendants analogize the facts of this case with *Williams v. Recovery School District*, 859 F. Supp. 2d 824 (E.D. La. 2021). (*Id*. at 6.) In *Williams*, the Eastern District of Louisiana dismissed a suit seeking injunctive relief against a state entity, holding that the request was fatally overbroad. *See* 859 F. Supp. 2d at 833. Defendants argue that, like in *Williams*, Plaintiff's request for injunctive relief in this case is overbroad and vague, and should be dismissed on that basis. (*Id*.)

Defendants further contend that Plaintiff's "overbroad and vague injunction request is a fatal flaw" regarding the class action. (*Id*. at 6.) Defendants state that Federal Rule of Civil

Procedure 23(b)(2) requires specificity and must "give content to the injunctive relief [sought] so that final injunctive relief may be crafted to describe in reasonable detail the acts required." (*Id*. (citing *Yates v. Collier*, 868 F.3d 354, 367 (5th Cir. 2017)).) Defendants further represent that other courts have required plaintiffs in overdetention class actions to "challenge a specific policy, and not simply the length of delay to satisfy Rule 23(b)(2)." (*Id*. (citing *Otero v. Dart*, 301 F.R.D. 276, 281 (N.D. Ill. 2013)).) Defendants thus argue that "compelling Defendants to comply with Class Members' constitutional rights" is insufficient to state a claim for class action injunctive relief. (*Id*. at 7 (citing *Ward v. Hellerstedt*, 753 F. App'x 263, 249 (5th Cir. 2018)).)

Third, Defendants alternatively seek dismissal of any claim that arose more than one year before Plaintiff filed suit, contending that such claims have prescribed. (*See id*.) Defendants assert that the applicable statute of limitations period for Section 1983 actions in Louisiana is one year. (*Id*.) Accordingly, Defendants seek dismissal of any overdetention claim that arose before February 19, 2020 on the basis of prescription. (*Id*. at 8.)

### 2. Plaintiff's Opposition (Doc. 21)

In response, Plaintiff rejects Defendants' arguments as ill-founded and urges this Court to deny Defendants' motion. (Doc. 21 at 2.) First, Plaintiff responds to Defendants' contentions regarding standing and prescription, asserting that Defendants misconstrue Plaintiff's proposed class. (*Id*.) Plaintiff clarifies that, contrary to Defendants' assertions, "[i]ndividuals who have been released are not part of the proposed injunctive class." (*Id*. at 3.) Instead, "the class is defined to include only those persons who are overdetained now or in the future." (*Id*.) Plaintiff further explains:

> Defendants make clear that they are not challenging Plaintiff's standing to seek prospective relief and only seek dismissal of "claims for prospective relief concerning any individual who was allegedly 'overdetained' and released before suit was filed." Plaintiffs' proposed class does not include such persons. Thus,

7

Defendants' motion to dismiss these persons from the case should be denied as moot.

(*Id*. at 3 (citation omitted) (citing Doc. 17-1 at 5).)

Second, Plaintiff asserts that Defendants' overbreadth argument is flawed in multiple respects. (*Id*.) For one, Defendants fail to clearly identify what about the Complaint is overbroad. (*Id*. at 4.) Though Defendants quote case law for the proposition that injunctions must be narrowly tailored to remedy the specific action complained of, according to Plaintiff, Defendants never explain how the Complaint fails to meet that standard. (*Id*. (citing Doc. 17-1 at 6).) Plaintiff maintains that his request for injunctive relief is not fatally overbroad (*id*. (citing Doc. 17-1 at 6)); rather, the prayer for relief requests multiple, specific remedies (*id*. (citing Doc. 1 at 19–20)). Plaintiff next contends that Defendants' overbreadth argument is flawed for the additional reason that Defendants improperly rely on case law addressing injunctive orders under Rule 65, whereas complaints "are merely subject to the notice-pleading requirements of Rule 8." (*Id*. at 5.) Plaintiff acknowledges that Rule 65(d) requires specificity in framing injunctions, as Defendants note in their brief. (*Id*. (citing Doc. 17-1 at 5–6).) "But Rule 65(d) has nothing to do with pleadings," argues Plaintiff. (*Id*.) "It governs injunctive orders." (*Id*.)

Finally, Plaintiff contends that Defendants' argument regarding the class action allegations rely on misapplied case law. (*Id*.) Plaintiff states that Defendants improperly rely on case law applying Rule 23 when they suggest that Plaintiff must challenge a specific policy rather than overdetentions alone. (*Id*. at 6–7 (referencing Doc. 17-1 at 6–7).) Plaintiff argues that Defendants' assertions regarding Rule 23 are premature at the pleadings stage, and that such issues are more appropriately raised at the class certification stage. (*Id*. at 7.)

### 3. Defendants' Reply (Doc. 24)

In their reply, Defendants mostly re-urge the main arguments raised in their original memorandum. (*See* Doc. 24.) First, Defendants maintain that the Complaint could be construed as requesting prospective relief for past harms, notwithstanding Plaintiff's concession that he is not seeking such relief. (*Id.* at 1–2.) Defendants reassert their request to dismiss any such claims. (*Id.*)

Second, Defendants maintain that Plaintiff fails to state a claim for injunctive relief because the relief sought is fatally overbroad. (*Id.* at 1–3.) Relying primarily on *Williams*, Defendants argue that Plaintiff's injunctive relief claim "does not survive Rule 12 scrutiny," since "Plaintiff cannot and does not identify a specific policy or act that he seeks to enjoin." (*Id.* at 3.)

Lastly, Defendants reassert their prescription argument and contend that Plaintiff's "admission that he is not seeking relief for an individual who has been released does not obviate the need for dismissal of claims arising more than one year before suit was filed" based on prescription. (*Id.* at 1.) Defendants submit that prescription accrues on the date of sentencing, according to Plaintiff's theory, such that any claim for past overdetention would prescribe one year from sentencing. (*Id.* at 3–4.) Accordingly, Defendants seek dismissal of any claim of overdetention that occurred before February 19, 2020. (*Id.* at 4.)

### B. Claims for Prospective Relief Concerning Past Harm

Defendants' motion seeks dismissal of any claims for prospective relief asserted on behalf of individuals who were released before the instant suit was filed because there is no likelihood of future injury as to those claims concerning past harms. (*See* Doc. 17-1 at 4–5.) The Complaint alleges:

> Named Plaintiff proposed a class defined as all persons who have been, or will be, sentenced to the custody of the Louisiana DOC, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless *remain in custody*, *now or in the future*, for more than 48 hours past their sentencing dates. The Class

seeks declaratory and injunctive relief against this overdetention and false imprisonment.

(Doc. 1 at 12 (emphasis added).) Indeed, Plaintiff expressly acknowledges in his opposition that "[i]ndividuals who have been released are not part of the proposed injunctive class." (Doc. 21 at 3.) As further explained in Plaintiff's opposition: "Plaintiff's proposed class definition does indeed include individuals sentenced in the past, but <u>only</u> if such individuals <u>currently remain in custody</u> past their legal release dates or in the future <u>will be in custody</u> past their legal release dates." (*Id.*) Considering the foregoing and viewing the Complaint's allegations in the light most favorable to Plaintiff, the Court does not find that Plaintiff is asserting claims for injunctive or declaratory relief on behalf of any individual who was overdetained in DOC custody and released before Plaintiff filed this lawsuit. Accordingly, Defendants' motion to dismiss as to these claims is denied as moot.

### C.  Prescription

#### 1. Applicable Law

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002)). "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993)). The prescriptive period for a claim under § 1983 in Louisiana is one year. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

While the limitations period is determined by state law, the accrual of a § 1983 claim is a matter of federal law. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered

an injury or has sufficient information to know that he has been injured." *Piotrowski*, 237 F.3d at 576 (internal quotation marks and brackets omitted) (citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).

### 2. Analysis

As previously noted, Plaintiff's Complaint asserts overdetention claims on behalf of all persons "who were, or will be, entitled to release at the time of their sentencing, but who nevertheless remain in [DOC] custody, now or in the future, for more than 48 hours past their sentencing dates." (Doc. 1 at 12.) This includes individuals sentenced in the past, as Plaintiff notes, so long as those individuals currently remain in custody or will be in custody in the future. (*See* Doc. 21 at 3.) Again, Plaintiff filed suit on February 19, 2021. (*See* Doc. 1.)

Based on the allegations of the Complaint, it is theoretically possible that an individual's overdetention claim could have accrued before February 19, 2020. For instance, if the individual's sentencing occurred before February 17, 2020, and following the 48-hour period after their sentencing date, they remained in custody for an additional year, the one-year limitations period would have run by the time Plaintiff filed this action on February 19, 2021. Accordingly, insofar as Plaintiff seeks to bring claims of overdetention on behalf of proposed class members whose sentencings occurred before February 17, 2020, such claims are time-barred under the applicable limitations period, and Defendants' motion is granted as to these claims.

### D.  Injunctive Relief

#### 1. Applicable Law

"An injunction is an extraordinary remedy that should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements:

(1) "a substantial likelihood that the movant will prevail on the merits"; (2) "a substantial threat that irreparable harm will result if the injunction is not granted"; (3) "the threatened injury outweighs the threatened harm to the defendant"; and (4) "granting of the preliminary injunction will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987) (citing *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).

Section 1983 imposes civil liability against any person, acting under color of State law, that deprives any citizen or other person within the jurisdiction of the United States of any rights, privileges, or immunities secured by the Constitution and laws of this country. 42 U.S.C. § 1983. The threshold inquiry in any Section 1983 action is the identification of a specific violation of a constitutional right. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017); *see also Baker v. McCollan*, 443 U.S. 137 (1979). The Fifth Circuit has repeatedly recognized that "[t]he Fourteenth Amendment Due Process Clause is violated where a prisoner remains incarcerated after the legal authority to hold him has expired." *Hicks v. LeBlanc*, 832 F. App'x 836, 840 (5th Cir. 2020); *see also Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process."); *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) ("[A] jailer has a duty to ensure that inmates are timely released from prison.").

## 2. Analysis

Construing Plaintiff's allegations in the light most favorable to him and taking all facts pleaded in the Complaint as true, the Court finds that Plaintiff has sufficiently alleged a plausible entitlement to the injunctive relief sought, based on the underlying Section 1983 action for Defendants' violations of the proposed class's Fourteenth Amendment right to Due Process. Specifically, Plaintiff has alleged enough facts to demonstrate a substantial likelihood of success

on the merits as to his Section 1983 claim that Defendants violated the Fourteenth Amendment by keeping Plaintiff and the proposed class members in DOC custody beyond their legal release dates without justification for doing so. Plaintiff has also sufficiently alleged a substantial threat of irreparable harm if Defendants are not enjoined from continuing the unlawful acts alleged in the Complaint. Additionally, construing the Complaint's allegations in Plaintiff's favor, granting the injunctive relief sought will subject Defendants to minimal harm, when weighed against the threatened injury to Plaintiff and the proposed class. Finally, based on the allegations of the Complaint, Plaintiff has demonstrated that granting injunctive relief will not disserve the public interest. In sum, the Court finds that, at the Rule 12(b)(6) stage, Plaintiff has satisfied his pleading requirement under Rule 8 with respect to his request for injunctive relief. Therefore, the Court will deny Defendants' motion as to Plaintiff's request for injunctive relief.

## IV.    Leave to Amend

"A court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *JMCB, LLC v. Bd. of Com. & Indus.*, No. 17-75, 2018 WL 11319077, at *6 (M.D. La. Aug. 23, 2018) (quoting *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955)). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also* 5B Charles A. Wright, Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 1357 (3d ed. 2016) ("A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except

13

in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.").

Having carefully considered the matter, the Court will grant Plaintiff leave to amend to cure the deficiencies with respect to prescription. The Court does so for a couple of reasons.

First, it is possible that such issues can be cured, at least in part. Specifically, Plaintiff did not raise the issue of tolling in response to the instant motion, and the Court can foresee this issue arising for certain proposed class members (e.g., for those who may have been incompetent), if such individuals existed and if Plaintiff wanted to pursue claims on their behalf.

Second, even if amendment were likely futile, the Court would still act in accordance with the above "wise judicial practice" and grant Plaintiff another opportunity to plead these claims, particularly since these claims have not been previously dismissed in response to a ruling by this Court. *See Jordan v. Gautreaux*, --- F. Supp. 3d ----, No. 21-48, 2022 WL 895720, at *30 (M.D. La. Mar. 25, 2022) (deGravelles, J.) (collecting cases from this division following this approach). Consequently, those claims deemed prescribed will be dismissed without prejudice, and Plaintiff will have an opportunity to cure the deficiencies.

### V.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Pursuant to Rule 12(B)(6)* (Doc. 17) filed by Defendants James LeBlanc and the Louisiana Department of Public Safety & Corrections is **GRANTED in part and DENIED in part**. Defendants' motion seeking dismissal of claims on the basis of prescription is **GRANTED**, and any such claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have twenty-eight (28) days to amend the operative complaint to cure the above deficiencies. Failure to do so will result in dismissal of his claims with prejudice.

**IT IS FURTHER ORDERED** that Defendants' motion is **DENIED** in all other respects.

Signed in Baton Rouge, Louisiana, on <u>March 30, 2022</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**