UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOEL GIROIR, on behalf of himself and all similarly situated individuals,

    Plaintiff,

v.

JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections; and
THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,

    Defendants.

CIVIL ACTION NO. 3:21-cv-108-JWD-SDJ

## PLAINTIFF'S MEMORANDUM REGARDING THE EFFECT OF THE AMENDED COMPLAINT ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

    Plaintiff submits this memorandum per this Court's Notice issued on April 28 asking the Parties to file simultaneous briefs "on the effect of the Amended Complaint (Doc. 46) on the Motion for Class Certification (Doc. 25) and the need to file a new motion in light of the Amended Complaint." ECF No. 47. It is Plaintiff's position that no new motion is necessary because this Court may simply amend the Class definition on its own to bring Plaintiff's Class into compliance with the statute of limitations, as clarified in the Court's March 30 Order (ECF No. 45).

    "District courts are permitted to limit or modify class definitions to provide the necessary precision." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004). The Fifth Circuit has acknowledged the district court's role in "the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition." *Id.* (citing *Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."); *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) ("It is

1

certainly within this court's discretion to limit or redefine the scope of the class."); *Meyer v. Citizens & S. Nat'l Bank*, 106 F.R.D. 356, 360 (M.D. Ga. 1985) ("The Court has discretion in ruling on a motion to certify a class. This discretion extends to defining the scope of the class.") (citations omitted)).

District courts frequently amend class definitions on their own initiative in the interest of limiting or clarifying the parameters of the class. *See, e.g.*, *A.A. v. Phillips*, 339 F.R.D. 232, 243-44 (M.D. La. 2021) (amending the proposed class definition); *see also Seals v. Austin*, Civil Action No. 4:21-cv-01236-O, 2022 U.S. Dist. LEXIS 65937, at *10 (N.D. Tex. Mar. 28, 2022) (limiting the proposed subclass definitions); *Vine v. Pls Fin. Servs.*, 331 F.R.D. 325, 332 (E.D. Tex. 2019); *Boudreaux v. Sch. Bd. of St Mary Par.*, No. 6:65-CV-11351, 2020 U.S. Dist. LEXIS 163838, at *11 (W.D. La. Sep. 8, 2020). This includes amending class definitions to comport with a statute of limitations. *See, e.g.*, *Boles v. Moss Codilis, LLP*, Civil Action No. SA-10-CV-1003-XR, 2012 U.S. Dist. LEXIS 196826, at *16 (W.D. Tex. Jan. 17, 2012) (amending the proposed class definition specifically to prevent the inclusion of time-barred class members).

Because it is well within this Court's authority to amend Plaintiff's proposed Class definition without a renewed motion, Plaintiff submits that no new motion is necessary and respectfully requests that this Court exercise such authority in certifying a Class that is consistent with Plaintiff's Amended Complaint.

Respectfully submitted this 5th day of May, 2022.

                                                                   /s/ *Mercedes Montagnes*
                                                                   Mercedes Montagnes, La. Bar No. 33287
                                                                   Nishi Kumar, La. Bar No. 37415
                                                                   Rebecca Ramaswamy, La. Bar No. 39524
                                                                   Elena Malik, La. Bar No. 39662
                                                                   The Promise of Justice Initiative
                                                                   1024 Elysian Fields Avenue
                                                                   New Orleans, LA 70117
                                                                   Telephone: (504) 529-5955
                                                                   Facsimile: (504) 595-8006
                                                                   Email: mmontagnes@defendla.org

        Sarah Grady (*pro hac vice*)
        Stephen H. Weil (*pro hac vice*)
        Kelly Jo Popkin (*pro hac vice*)
        Loevy & Loevy
        311 N. Aberdeen
        Chicago, IL 60607
        Telephone: (312) 243-5900
        Facsimile: (312) 243-5902
        Email: sarah@loevy.com

        William Most, La. Bar No. 36914
        Caroline Gabriel, La. Bar No. 38224
        Most & Associates
        201 St. Charles Avenue, Suite 114, #101
        New Orleans, LA 70170
        Telephone: (504) 509-5023
        Email: williammost@gmail.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

Dated: May 5, 2022                                          */s/ Rebecca Ramaswamy*
                                                                                  Rebecca Ramaswamy
                                                                                  Attorney, La. Bar No. 39524