UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOEL GIROIR, on behalf of himself** | * | CIVIL ACTION |
| **and all similarly situated individuals,** | * | |
| | * | NO.:  3:21-cv-00108-JWD-SDJ |
| **VERSUS** | * | |
| | * | JUDGE: |
| **JAMES LEBLANC, in his official capacity** | * | JOHN W. deGRAVELLES |
| **as Secretary of the Louisiana Department** | * | |
| **of Public Safety & Corrections** | * | MAGISTRATE JUDGE: |
| | * | SCOTT D. JOHNSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RESPONSE TO RECORD DOCUMENT 47**

Defendants James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (hereinafter "James LeBlanc"), and the Louisiana Department of Public Safety & Corrections (hereinafter, "DPS&C") (collectively, James LeBlanc and DPS&C are referred to as "Defendants"), respectfully submit this brief in compliance with the Court's Order at R.Doc. 47. Defendants aver that no additional briefing is required on the pending motion for class certification (R.Doc. 25) given the limited impact on the issues before the Court. Plaintiff's Amended Complaint (R.Doc. 46) only amended the allegations to comport with the applicable prescriptive period.

Plaintiff filed this suit on February 19, 2021, asserting class action allegations, seeking prospective injunctive and declaratory relief only, pursuant to Federal Rule of Civil Procedure 23(b)(2). Plaintiff simultaneously filed a motion for class certification. R.Doc. 2. Defendants filed a motion to extend the class certification briefing deadlines. R.Doc. 6.

On April 9, 2021, Defendants filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's complaint on the following basis: (1) plaintiff failed to state a claim for prospective relief concerning past harm; (2) the Complaint failed to properly identify what actions are to be enjoined; and (3) in the alternative, claims arising before February 19, 2020 are prescribed.

1

On April 19, 2021, a status conference was held. The court allowed 120 days to complete discovery and then plaintiff could refile the class certification motion. R.Doc. 20. The parties engaged in discovery pursuant to the scheduling order. On September 10, 2021, Plaintiff filed his motion to certify class. R.Doc. 25. Defendants filed an opposition on October 1, 2021, along with a motion to strike/exclude evidence submitted by Plaintiff. R.Doc. 27, 28.

On March 30, 2021, this Court issued a ruling on Defendants' Rule 12 motion. R.Doc. 45. As to dismissal of claims seeking prospective relief for past harm, this Court denied the motion as moot, because Plaintiff acknowledged that its proposed class does not include individuals sentenced in the past. Regarding Defendants' motion seeking dismissal of injunctive relief claims on the basis that the Complaint did not identify which actions were to be enjoined, this Court denied the motion, finding that plaintiff sufficiently alleged a plausible entitlement to injunctive relief. Lastly, regarding Defendants' prescription arguments, this Court found "insofar as Plaintiff seeks to bring claims of overdetention on behalf of proposed class members whose sentencings occurred before February 17, 2020, such claims are time-barred." However, this Court allowed Plaintiff leave to amend to cure any deficiencies (for example tolling of prescription).

Plaintiff filed an Amended Complaint. R.Doc. 46. The only amendment to the entire Complaint clarified the class definition, which now purports to include inmates "sentenced to the custody of the Louisiana DOC on or since February 17, 2020…" The minimal amendment to the complaint has no bearing on the pending class certification motion.

The amendment merely confirms the applicable prescriptive period and clarifies that the class definition includes only those individuals who were sentenced on or before February 17, 2020. This amendment does not affect the pending class certification motion. Prescription was not at issue in Plaintiff's motion or Defendants' opposition.

Discovery was completed and the class certification motion was filed within the scheduling order set by the court. No additional discovery or briefing is required following the amendment that merely comports with the applicable prescriptive period. Defendants object to any additional briefing on class certification and submits that the pending motion and opposition are ripe for a ruling by this Court.

                                                Respectfully submitted,

                                                JEFF LANDRY
                                                Attorney General

By:   /s/ Andrew Blanchfield
        Andrew Blanchfield, T.A. (#16812)
        Email: ablanchfield@keoghcox.com
        C. Reynolds LeBlanc (#33937)
        Email: rleblanc@keoghcox.com
        Christopher K. Jones (#28101)
        Email: cjones@keoghcox.com
        Chelsea A. Payne (#35952)
        Email: cpayne@keoghcox.com
        Special Assistant Attorneys General
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana 70821
        Telephone: (225) 383-3796
        Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 5th day of May, 2022

                                          /s/ Andrew Blanchfield
                                         Andrew Blanchfield