# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOEL GIROIR, on behalf of himself and**
**all similarly situated individuals**

**CIVIL ACTION**

**VERSUS**

**NO. 21-108-JWD-SDJ**

**JAMES LEBLANC, in his official capacity as**
**Secretary of the Louisiana Department of**
**Public Safety & Corrections, ET AL.**

## RULING ON MOTION TO STRIKE/EXCLUDE CERTAIN EVIDENCE OFFERED BY PLAINTIFFS IN SUPPORT OF MOTION TO CERTIFY CLASS

Before the Court is the *Motion to Strike/Exclude Certain Evidence Offered by Plaintiffs in Support of Motion to Certify Class* (Doc. 28) ("*Motion*") filed by defendants James LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, and the Louisiana Department of Public Safety and Corrections ("Defendants"). It is opposed by plaintiff Joel Giroir ("Plaintiff" or "Giroir") (Doc. 31). Defendants filed a reply brief (Doc. 32).

The Court has carefully reviewed the *Motion*, the attached exhibits, and the memoranda and arguments of counsel, and is prepared to rule. For the following reasons, the *Motion* is granted in part and denied in part.

## BACKGROUND

On February 19, 2021, Giroir filed a class action lawsuit on behalf of himself and those similarly situated. (Doc. 1.) An *Amended Class Action Complaint* ("*ACAC*") was filed on April 27, 2022. (Doc. 46.) Made defendants were LeBlanc in his official and individual capacities and the Louisiana Department of Public Safety and Corrections ("DOC"). (*Id*. ¶¶ 8–9.) Plaintiff alleges that he and class members were prisoners incarcerated by DOC who were held past their release

date and thus were over detained and falsely imprisoned. (*Id.* ¶¶ 1–2) The proposed class is defined as:

> all persons who were sentenced to the custody of the Louisiana DOC on or since February 17, 2020 or who will be sentenced to the custody of the DOC in the future, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless remain in custody, now or in the future, for more than 48 hours past their sentencing date.

(*Id.* ¶ 67.)

This case was consolidated for purposes of the class action certification hearing with a similar suit, *Humphrey v. LeBlanc,* No. 20-233 (Doc. 23). The certification hearing was held on October 19, 2023. (Doc. 112.)

## DISCUSSION

Prior to the certification hearing, Defendants filed this *Motion*. (Doc. 28.) A similar motion to strike certain documents was filed by the same Defendants in *Humphrey* (No. 20-233, Doc. 114.) The *Humphrey* motion (Doc. 114-1 at 4–5) asked the Court to strike the following documents which are also the subject of the present *Motion* (Doc. 28 at 1–2):

- Exhibit 1 - Deposition of Debbie Huddnall from *Traweek v. Gusman*, No. 19-1384 (E.D. La.), (Doc. 104-2 of *Humphrey*; Doc. 3-3 of *Giroir*);

- Exhibit 3 - Deposition of Melanie Gueho from *Grant v. Gusman*, No. 17-2797 (E.D. La.) and *Traweek v. Gusman*, No. 19-1384 (E.D. La.), (Doc. 104-4 of *Humphrey*; Doc. 1-6 of *Giroir*);

- Exhibit 5 - Deposition excerpt of Angela Griffin from *Thomas v. Gryder*, No. 17-1595 (M.D. La.); *McNeal v. Louisiana DPS&C*, No. 18-736 (M.D. La.); *Hicks v. Louisiana DPS&C*, No. 19-108 (M.D. La.); and *Grant v. Gusman*, No. 17-2797 (E.D. La.), (Doc. 104-6 of *Humphrey*; Doc. 1-5 of *Giroir*);

- Exhibit 8 - Deposition excerpt of Derek Ellis from *Thomas v. Gryder*, No. 17-1595 (M.D. La.); *McNeal v. Louisiana DPS&C*, No. 18-736 (M.D. La.); *Hicks v. Louisiana DPS&C*, No. 19-108 (M.D. La.); and *Grant v. Gusman*, No. 17-2797 (E.D. La.), (Doc. 104-9 of *Humphrey*; Doc. 1-8 of *Giroir*);

- Exhibit 9 - Deposition excerpt of Secretary James Leblanc from *Thomas v. Gryder*, No. 17-1595 (M.D. La.); *McNeal v. Louisiana DPS&C*, No. 18-736, (M.D. La.); *Hicks v. Louisiana DPS&C*, No. 19-108 (M.D. La.); and *Grant v. Gusman*, No. 17-2797 (E.D. La.), (Doc. 104-10 of *Humphrey*; Doc. 1-2 of *Giroir*);

- Exhibit 11 - Deposition excerpt of Angela Whittaker from *Thomas v. Gryder*, No. 17-1595 (M.D. La.); *McNeal v. Louisiana DPS&C*, No. 18-736 (M.D. La.); *Hicks v. Louisiana DPS&C*, No. 19-108 (M.D. La.); and *Grant v. Gusman*, No. 17-2797 (E.D. La.) (Doc. 104-12 of *Humphrey*; Doc. 1-9 of *Giroir*).

As to these common documents, the arguments made by Defendants in support of both motions were essentially identical. (*Compare Humphrey*, Doc. 114-1 at 4–8, *with Giroir*, Doc. 28-1 at 4–7.) On October 4, 2023, the Court issued a ruling in *Humphrey* denying Defendants' motion to strike as to the above listed documents. (No. 20-233, Doc. 202.) For the reasons given by the Court in the *Humphrey* ruling, the Court denies the present *Motion* except to require Plaintiffs to submit the disputed depositions in their entirety.

The present *Motion* also asks the Court to strike certain documents that were not the subject of the *Humphrey* motion or the Court's ruling on same. These are:

- Nola.com article: Emily Lane, *2 Freed After Being Illegally Jailed, but 'Over 100' others Affected by Missing Paperwork: Lawyers*, TIMES-PICAYUNE (Jan. 14, 2017, 4:00 AM), https://www.nola.com/news/crime_police/article_969c5f74-e32d-56d7-adc4-55c591d85998.html, (Doc. 25- 1 at 3 n.2);

- Legislative Auditor Report (Doc. 25-5);

- LeBlanc follow up email (Doc. 3-4); and

- Letter from Caroline Gabriel to Angela Griffin (Doc. 25-6).

Defendants maintain that the Nola.com article is irrelevant and hearsay. (Doc. 28-1 at 7.) The Court denies Defendants' motion since the article is relevant to the Defendants' notice of what Plaintiff describes as the "pervasive, ongoing overdetention in Louisiana" (Doc. 31 at 8) and

Defendants' deliberate indifference to same (*id*.) As to the hearsay objection, Plaintiff assures the Court that it is not offering the exhibit for the truth of its contents but rather, "to support Plaintiff's assertions that the DOC, and the media, knew of the rampant overdetention by the DOC," and is therefore not hearsay. (*Id*. at 7.) Given that limitation, the *Motion* is denied as to this exhibit.

Defendants object to the Legislative Auditor Report (Doc. 25-5) as irrelevant. (Doc. 28-1 at 9.) The Court disagrees and finds that the statement in the report that "[f]ive . . . of 40 computations tested had inaccurate information . . . resulting in inaccurate release dates or parole eligibility classifications" (Doc. 25-5 at 4) is relevant on the issue of numerosity. The report's statement that "[t]he Department does not have a formal policy that requires a review of the sentence computation by a supervisor or other experienced staff" (*id*.) informs the issue of whether there are common questions of law and fact. Defendants' *Motion* is denied as to this exhibit.

The Court denies Defendants' *Motion* as to LeBlanc's email to Louisiana Clerks of Court (Doc. 3-4) based on lack of authenticity. (Doc. 28-1 at 9-10.) The Court finds that, under Federal Rule of Evidence 901, the email is supported by "some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *McClain v. Newhouse (In re McClain),* 516 F.3d 301, 308 (5th Cir. 2008) (internal citations omitted.) This evidence includes the email header and that fact that other DOC employees involved in this issue are shown as additional recipients of the email.

As to the final document, the letter from Plaintiff's counsel to Angela Griffin, (Doc. 25-6), the Court grants Defendants' *Motion*. While the sub-heading of Defendants' brief submitted on this point suggests that the objection is as to authentication, the actual argument is that it is hearsay. (Doc. 28-1 at 10–11.) Plaintiff's argument addresses only an authentication argument that Defendants did not make. (Doc. 31 at 10–11.) It appears that the document is being offered for the

truth of its contents and Plaintiff has offered no applicable hearsay exception and therefore the *Motion* is granted as to this document.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Strike/Exclude Certain Evidence Offered by Plaintiffs in Support of Motion to Certify Class* (Doc. 28) is **GRANTED IN PART** and **DENIED IN PART**. The *Motion* is **GRANTED** as to Doc. 25-6. In all other respects, the *Motion* is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>November 16, 2023</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**