**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN HUMPHREY,** | * | **CIVIL ACTION** |
| **on behalf of himself** | * | |
| **and all similarly situated individuals,** | * | **NUMBER: 3:20-cv-00233-JWD-SDJ** |
| | * | |
| | * | **JUDGE JOHN W. deGRAVELLES** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **SCOTT D. JOHNSON** |
| **JAMES LEBLANC** | * | |
| | * | |

*****************************************************************************

| | | |
|---|---|---|
| **JOEL GIROIR, on behalf of himself** | * | **CIVIL ACTION** |
| **and all similarly situated individuals,** | * | |
| | * | **NO.: 3:21-cv-00108-JWD-SDJ** |
| **VERSUS** | * | |
| | * | **JUDGE JOHN W. deGRAVELLES** |
| **JAMES LEBLANC, in his official** | * | |
| **capacity as Secretary of the Louisiana** | * | **MAGISTRATE JUDGE:** |
| **Department of Public Safety** | * | **SCOTT D. JOHNSON** |
| **& Corrections** | * | |

*****************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO STAY

NOW INTO COURT, through undersigned counsel, comes James LeBlanc, who files this Motion to Stay pending the decision of the Fifth Circuit concerning the class certification ruling on appeal. The appeal of this Court's ruling on class certification has been pending for nearly a year, which suggests that a ruling may be imminent. Plaintiffs seek burdensome discovery concerning class membership for the purposes of class notice. Because the Fifth Circuit's ruling could end class proceedings and moot class membership discovery, Defendant requests a stay of proceedings to await the Fifth Circuit's guidance on how to proceed. As this Court has previously recognized in *sua sponte* staying this matter pending the Fifth Circuit's ruling in other pending

overdetention cases, judicial economy and party resources will be best served by issuing a stay pending the Fifth Circuit decision on the pending class certification appeals. See R.Doc. 217.

## I. Procedural Background

This case involves two class action complaints concerning overdetention; one seeking declaratory relief (*Giroir*) and one seeking damages (*Humphrey*). Both cases have been certified, and both certification rulings are pending on appeal at the Fifth Circuit.

In the *Humphrey* case, Plaintiffs filed their Motion for Class Certification in July 2022. In *Giroir*, the Motion was filed in 2021. A hearing was held in both cases in October 2023. On September 22, 2025, this Court issued the ruling on Class Certification. R.Doc. 260. On October 6, 2025, Defendant filed Petitions for Permission to Appeal Class Certification in both cases.

On November 5, 2025, the Fifth Circuit granted the motion for permissive appeal in the *Giroir* case. R.Doc. 266. The Appellant brief was filed in February 2026; the Appellee brief was filed in April 2026. On May 22, 2026, The Fifth Circuit granted the motion for suspensive appeal in the *Humphrey* case. R.Doc. 278. The same day, the Fifth Circuit consolidated the *Humphrey* and *Giroir* appeals.

Since the ruling on class certification, Plaintiffs have sought substantial discovery on class membership. After Defendant provided years of "pull documents" using parameters that Plaintiffs selected, Plaintiffs now assert that the "pull documents" (that Plaintiffs relied on in their class certification motions) do not properly identify the class members. See R.Doc. 280. Plaintiffs now seek additional CAJUN data for a six-year period, which effectively requires DPSC to duplicate efforts it undertook over the last year to create and prepare new "pull documents." R.Doc. 280. Defendant asserts that these efforts are extremely burdensome.

The current appeal has been pending for nearly a year, which suggests that a decision may be imminent. Because the Fifth Circuit's decision could effectively end class proceedings, Defendant requests a stay of proceedings to preserve the Court's and the parties' resources while the parties await the Fifth Circuit's guidance on how to proceed.

**II. Law and Argument**

Under Federal Rule of Civil Procedure 23(f), the district court or the court of appeals have the authority to stay proceedings pending an appeal of class certification. In determining whether to grant a stay pending appeal, courts consider four factors: "(1) whether the movant makes a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether other interested parties will be irreparably injured by a stay; and (4) where the public interest lies." *Earl v. Boeing Co.*, 21 F.4th 895, 898 (5th Cir. 2021) (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

In evaluating a movant's likelihood of success on the merits, a court does not apply the factors "in a rigid or mechanical fashion." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (cleaned up). Rather, "when there is a "serious legal question involved and the balance of the equities heavily favors a stay," the movant "only needs to present a substantial case on the merits." *In re Deepwater Horizon*, 732 F.3d 326, 345 (citation omitted). In the context of a Rule 23(f) appeal, a movant is entitled to a stay upon a "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Earl*, 21 F.4th at 898 (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999)).

**1. Defendant is likely to succeed on the merits.**

Defendant has "made a strong showing that [the Fifth Circuit] is likely to reverse the class-certification decision" for both the *Humphrey* and *Giroir* classes. *Id.*

Start with *Humphrey*'s glaring qualified immunity problem. As a class seeking damages against a government official in his individual capacity, each member of the class must overcome Defendant's qualified-immunity defense to prevail. Litigating that defense will result in thousands of mini-trials, particularly given the class definition that includes all persons release "more than 48 hours past the date that they were remanded to the DOC's custody." R.Doc. 260 at 115. That 48-hour cut-off has no relation to what constitutes a clearly established violation for a delayed release because the Fifth Circuit has "declined to define" a delay shorter than a month to be a constitutional violation. *See Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022). Instead, the Fifth Circuit has recognized "some administrative delay" is "reasonable." *Id.* at 188. Whether more than 48 hours is reasonable for any given inmate turns on individual circumstances that must be addressed one by one. That individualized inquiry is so contrary to the nature of a class action that the Fifth Circuit has repeatedly questioned whether a 23(b)(3) case involving qualified immunity could ever be certified. *Jones v. Diamond*, 594 F.2d 997, 1022 n.24 (5th Cir. 1979), *on reh'g en banc*, 636 F.2d 1264 (5th Cir. 1981); *Bogard v. Cook*, 586 F.2d 399, 409 (5th Cir. 1978). Heeding that warning, other district court have declined to certify classes where qualified immunity has arisen. *Alexander v. Hall*, No. 4:20-CV-21, 2024 WL 4268017, at *7–9 (N.D. Miss. Sept. 23, 2024); *Morrow v. Washington*, No. 2:08-CV-288, 2009 WL 2591382, at *1 (E.D. Tex. Aug. 20, 2009). Defendant's qualified immunity defense should have precluded certification and likely will result in reversal on appeal.

Next, the mootness problem for *Giroir*. Joel Giroir's individual claims for injunctive and declaratory relief became moot upon his release from custody in February 2021, yet his motion for class certification was filed in September 2021, and certification was not ultimately granted until September 2025. R.Doc. 260 at 12; Giroir.R.Doc. 25. "As a general rule, 'a purported class action becomes moot when the personal claims of all named plaintiffs are satisfied and no class has been properly certified.'" *Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003) (citation omitted). So, unless an exception to that general rule applies, the *Giroir* class action became moot five years ago. And no exception exists. *Manzo-Hernandez v. Saucedo*, No. 21-40034, 2021 WL 5627068, at *4 (5th Cir. Nov. 30, 2021) (unpub.) (per curiam). His claims do not evade review because he is pursuing damages in the *Humphrey* class, *cf. Sosna v. Iowa*, 419 U.S. 393, 402 n.11 (1975); *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), and he cannot show that "no plaintiff [will] possess[] a personal stake in the suit long enough" for a district court to render a timely certification decision, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013). Beyond that, the on-the-ground circumstances of the inmate release process have changed such that whatever "policy" Giroir claims applied to him is not the one still in effect today. Giroir's general claim that his release was delayed does not give him standing to challenge every alleged inadequacy in the release process. *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366, 369–70 (5th Cir. 2018); *see generally* R.Doc. 212. He could only challenge the policies that injured him, which do not include any purported deficiencies with DOC's new electronic systems that all postdate his detention. So even if the *Giroir* class could have avoided mootness despite Giroir's individual claims becoming moot, they have since become moot due to these changed circumstances. Thus, due to mootness, there is no jurisdiction and therefore no class to certify.

Finally, the Rule 23(a) problems applicable to both classes. Certification hinged on the notion that common questions arise from "policies" that applied to all class members and caused their individual overdetentions. *See* R.Doc. 260 at 85–86. But neither Plaintiffs nor the certification order identify what these "policies" are. Instead, it all boils down to the general claimed problem that various individuals were not timely released with the record reflecting disparate, unrelated causes for any given delayed release. The Supreme Court has rejected commonality and typicality in these circumstances: where the underlying claim entails class-member-specific inquiries (here, the circumstances surrounding why an individual was not released within 48 hours of sentencing), the plaintiff must show "some glue holding the alleged *reasons* for all those decisions together." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011). Otherwise, "it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I*" not released on the date I think I should have been released. *Id.* Commonality therefore requires "[s]ignificant proof" of a common policy, *see id.* at 353, 357–58 (citation omitted), which Plaintiffs never provided. Their "allegations of systemic violations" could not relieve them of this burden. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 844 (5th Cir. 2012) (citation omitted). That is even more true here given that numerous causes for delay—included those recognized by this Court's certification order—stem from judges and clerks of court who are not bound by *any* policies promulgated by Defendant. *See* R.Doc. 260 at 30, 32, 93, 104; La. Const. art. 2, § 2; La. Const. art. 5, § 28; La. R.S. 36:4(8).

Those same diverge causes for delays defeat typicality, too. Typicality requires "similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent.'" *Angell v. GEICO Advantage Ins. Co.*, 67 F.4th 727, 736 (5th Cir. 2023) (citation omitted). "If the claims arise from a similar course of conduct and share the same legal

theory, factual differences will not defeat typicality." *Id.* (citation omitted). But there is no "similar course of conduct giving rise to all alleged delays in Louisiana, *see id.* (citation omitted), so the three named plaintiffs cannot claim sufficient similarity to represent all of them.

For all of these reasons and those detailed more thoroughly in Defendant's prior briefing on class certification and before the Fifth Circuit on appeal, he has "made a strong showing" that certification will be reversed. *Earl*, 21 F.4th at 898.

**2. Defendant faces irreparable harm due to substantial class discovery costs absent a stay.**

As this Court is aware, these class actions involve a statewide class of thousands of inmates and the parties have already spent extensive time and resources litigating these matters. While Defendant has endeavored to work with Plaintiffs to conduct discovery even while the appeal of the certification has been pending, Plaintiffs' "escalating discovery demands" will further drive up Defendant's "unrecoverable costs absent a stay." *Id.* at 899. The central discovery dispute is limited to Plaintiffs' "need for accurate and complete data to identify class members"—a matter that is only relevant if certification is not reversed. *See* R.Doc. 280 at 2. After Defendant produced 72 months of "pull documents," based on the parameters selected by Plaintiffs, Plaintiffs seek "expanded pull document criteria." R.Doc. 280. This would require Defendant to pull back up data for each new three-month period and essentially redo all of the substantial efforts that Defendant has undertaken to date. Those costs are both unnecessary and unrecoverable.

But even beyond the discovery specific to the class, if certification is reversed, "the proportionality requirement imposed by Federal Rule of Civil Procedure 26(b) would impose far different constraints on discovery by [three] named plaintiffs than it would for classes of" thousands of inmates spread across every jail or detention center in Louisiana. *Earl*, 21 F.4th at 899.

The jurisdictional problems with the *Giroir* class only heightens the irreparable harm. If Defendant succeeds in his challenge to certification, because Giroir's own injunctive relief claims are moot, the whole case must be dismissed. As a result, *any* further discovery occurring for that class would be a meaningless waste because there would be no further proceedings following decertification.

The class certification appeal has been pending since November 2025. Briefing was completed six months ago. A decision from the Fifth Circuit is likely imminent. If the Fifth Circuit reverses any part of the class certification ruling, these current discovery requests would be moot. Because the current discovery requests are solely aimed at class notice, and would require Defendant undertake substantial duplicative efforts, Defendant would face irreparable harm if a stay is not granted. Considering Defendant has engaged in extensive discovery to date, any future discovery should be stayed pending the Fifth Circuit's decision on appeal. The second factor weighs heavily in favor of a stay.

**3. A stay would not substantially injure Plaintiffs.**

Plaintiffs admit that they "seek this discovery to be able to identify the class members accurately and provide class notification." R.Doc. 280 at 8. It cannot be disputed that if the Fifth Circuit reverses class certification, the discovery seeking to identify class members is moot. Further, to date, Defendant has responded to substantial discovery, producing hundreds of thousands of pages of documents, extensive ESI discovery, multiple inspections, and sat for 12 depositions. Plaintiffs are not substantially injured in a stay pending appeal, especially given that the current posture is solely concerning class membership and class notice.

**4. The public interest favors a stay.**

The public has no interest in the State bleeding unrecoverable time and money to identify purported class members pursuant to a class certification ruling that should be reversed on appeal. To the contrary, it is in the public interest to protect the public fisc and the taxpayer dollars that fund public employees' salaries. *See Valentine v. Collier*, 956 F.3d 797, 804 (5th Cir. 2020) ("[B]ecause the State is the appealing party, its interest and harm merge with that of the public." (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017)); *accord Earl*, 21 F.4th at 900 ("[T]he public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on appeal.").

**III. Conclusion**

Because (1) Defendant has made a strong showing that he is likely to succeed on the merits; (2) Defendant will be irreparably injured absent a stay; (3) the issuance of the stay will not substantially injure the Plaintiffs; and (4) because public interest lies in reversing state resources; this Court should grant a stay pending the Fifth Circuit's decision on the pending appeal of the class certification ruling.

*[Signature on following page]*

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By: /s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 16th day of October, 2026.

/s/ Andrew Blanchfield
ANDREW BLANCHFIELD