**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRIAN HUMPHREY,** | * | **CIVIL ACTION** |
| **on behalf of himself** | * | |
| **and all similarly situated individuals,** | * | **NUMBER: 3:20-cv-00233-JWD-SDJ** |
| | * | |
| | * | **JUDGE JOHN W. deGRAVELLES** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE:** |
| | * | **SCOTT D. JOHNSON** |
| **JAMES LEBLANC** | * | |
| | * | |

******************************************************************************

| | | |
|---|---|---|
| **JOEL GIROIR, on behalf of himself** | * | **CIVIL ACTION** |
| **and all similarly situated individuals,** | * | |
| | * | **NO.: 3:21-cv-00108-JWD-SDJ** |
| **VERSUS** | * | |
| | * | **JUDGE JOHN W. deGRAVELLES** |
| **JAMES LEBLANC, in his official** | * | |
| **capacity as Secretary of the Louisiana** | * | **MAGISTRATE JUDGE:** |
| **Department of Public Safety** | * | **SCOTT D. JOHNSON** |
| **& Corrections** | * | |

******************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY**

NOW INTO COURT, through undersigned counsel, comes James LeBlanc, who files this Reply Memorandum in Support of Motion to Stay pending the decision of the Fifth Circuit concerning the class certification ruling on appeal. After Defendant filed this motion, the Fifth Circuit ordered supplemental briefing in *Humphrey* on qualified immunity and Rule 23(b), confirming that these appeals present serious questions about whether either class can stand. That supplemental briefing is now complete. Because the only discovery at issue is aimed at identifying and notifying class members—work that reversal would render pointless—the Court should stay proceedings pending the Fifth Circuit's decision.

**1. Defendant is likely to succeed on the merits.**

Defendant has carried his burden on the first factor. The Fifth Circuit's decision to grant interlocutory review confirms that this appeal presents a serious legal question, and Defendant has made a substantial case, and indeed a strong showing, that the certification order will be reversed as to both classes. *See Earl v. Boeing Co.*, 21 F.4th 895, 898 (5th Cir. 2021).[1] As explained in Defendant's motion, three independent errors support reversal. R. Doc. 287-1.

First, on the qualified immunity defense, Plaintiffs do not dispute that every *Humphrey* class member must overcome Defendant's qualified-immunity defense. Indeed, they have now confirmed that *Humphrey* plaintiffs proceed against Defendant solely "in his individual capacity." R. Doc. 290 at 1. Instead, Plaintiffs recite that the "right to timely release from prison" is clearly established. R.Doc. 289 at 5–6. But qualified immunity asks the question "in the specific context of the case," not "at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 16 (2015) (citation omitted). What makes a release "timely" turns on the circumstances, because "it is reasonable for jailers to have some administrative delay in processing an inmate's discharge." *Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022). Plaintiffs insist *Crittindon* set no one-month benchmark, R.Doc. 289 at 6, yet this Court itself recognized that the Fifth Circuit "has not definitively set a time less than [a month]." R. Doc. 260 at 59. To bridge that gap to 48 hours, the certification order relied on district court decisions and a law review article. *Id.* at 59-63. Those "cannot provide the requisite clearly established law." *Nevarez v. Dorris*, 135 F.4th 269, 275 (5th Cir. 2025). The 48-hour cut-off is not a clearly established categorical violation, so each and every

[1] Plaintiffs contend that Defendant waived the "substantial case on the merits" standard by not applying it. R.Doc. 287 at 3 n.1. That is wrong. Defendant set out the standard and then argued that he satisfies the more demanding "strong showing" standard. A movant who meets the higher standard necessarily meets the lower one.

delay between 48 hours and 30 days cannot result in liability for Defendant, and, even if it could, will demand a unique inquiry into each circumstance affecting that release delay.

Plaintiffs' answer is that "deliberate indifference is the central issue" and that individual circumstances matter only for damages. R.Doc. 289 at 6. But a court must "account for issues implicated by" defenses at certification. *Prantil v. Arkema Inc.*, 986 F.3d 570, 578 (5th Cir. 2021) (citation omitted). Qualified immunity requires "analyz[ing] the facts surrounding each particular incident." *Jones v. Diamond*, 594 F.2d 997, 1022 n.24 (5th Cir. 1979), *on reh'g en banc*, 636 F.2d 1364 (5th Cir. 1981). And that analysis must be done plaintiff-by-plaintiff, not collectively. *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir. 1987); *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *1 (5th Cir. 2022) (per curiam) (vacating and remanding order denying qualified immunity for "plaintiff-by-plaintiff" analysis by the district court). There is no feasible or efficient way for this Court to issue a decision with such granular analysis for a class of purported thousands.

Plaintiffs' insistence that individualized analysis does not apply to deliberate indifference misses the mark: Fifth Circuit precedent is clear that deliberate indifference demands individual analysis for each plaintiff. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 843 & n.4 (5th Cir. 2012). This separate analysis, particularly when "there are undoubtedly causation issues" involved in a class with "the potential for *thousands* of Plaintiffs," combined with the qualified immunity problems should have prevented certification. *Alexander v. Hall*, No. 4:20-cv-21, 2024 WL 4268017, at *6–14 (N.D. Miss. Sept. 23, 2024). Each member of the *Humphrey* class must show that his own overdetention was unreasonable and that the Secretary was deliberately indifferent to its cause to establish liability. *Crittindon*, 37 F.4th at 186, 188. That cannot be done collectively.

Nor does their newfound claim that their class is tied to an identified policy, even though none is identified in the class definition, save certification. The idea that any common policy accounts

for each class member's delay is belied by the named plaintiffs' own delays. Giroir's release was delayed when Winter Storm Uri closed state offices in Avoyelles Parish for a week. White's was delayed while the Parole Board resolved his parole revocation. Humphrey's was delayed after Probation and Parole reported that he had already been released. R. Doc. 118 at 10-12. Holding Defendant liable for each delay requires proof of his knowledge of that specific cause. *Porter v. Epps*, 659 F.3d 440, 447–48 (5th Cir. 2011). Each is a separate inquiry no common answer can resolve. Giroir must prove knowledge of paperwork delays and unconstitutional policies related to ice storms and office closures, while Humphrey needs to prove a pattern of inaccurate reports that inmates had already been released, and White must demonstrate knowledge of unreasonable delays by the parole officers and Parole Board in processing holds. The Fifth Circuit ordered supplemental briefing on this very issue, which supports that Defendants have made a substantial case on the merits.

Second, the *Giroir* class is moot. Giroir's individual claims for injunctive and declaratory relief became moot on his release in February 2021, months before he moved for certification and more than four years before certification was granted. *See Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 389 (5th Cir. 2003). No mootness exception applies, and changes to DOC's release process since his detention independently moot any challenge to policies that never applied to him.

Third, both classes fail Rule 23(a). Neither Plaintiffs nor the certification order identifies the "policies" that supposedly tie the class together. Instead, the record reflects disparate, unrelated causes for individual delays, many of them attributable to judges and clerks of court whom Defendant does not control. Without "significant proof" of a common policy providing "some glue" that holds those reasons together, commonality and typicality cannot be met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352–53 (2011); *M.D. ex rel. Stukenberg*, 675 F.3d at 844. The

26 pages of the certification order to which Plaintiffs cite describe a problem, not a common policy that produces a common answer as to Defendant's purported liability to each plaintiff's claim.

For all of these reasons and those detailed more thoroughly in Defendant's prior briefing on class certification and before the Fifth Circuit on appeal, he has "made a strong showing" that certification will be reversed. *Earl*, 21 F.4th at 898.

**2. Defendant faces irreparable harm due to substantial class discovery costs absent a stay.**

Plaintiffs do not dispute that the discovery they seek pertains solely to class membership. That means it will be wasted entirely if the Fifth Circuit reverses certification. Nor do they dispute that it would require Defendant to redo months of pull-document production originally prepared under parameters Plaintiffs themselves chose.

Plaintiffs' response, that litigation costs are never irreparable, R.Doc. 289 at 13, ignores the very case they cite for the governing standard. In *Earl*, the Fifth Circuit granted a stay pending a Rule 23(f) appeal precisely because "escalating discovery demands" would impose "unrecoverable costs," and because Rule 26(b)'s proportionality limits would operate very differently for named plaintiffs than for a certified class. 21 F.4th at 899. The same is true here.

That the information is discoverable for class membership proves Defendant's point that this discovery should be stayed. Plaintiffs concede they seek this discovery to "identify the class members accurately and provide class notification." R. Doc. 280 at 8. If certification is reversed, that work serves no purpose. And Plaintiffs' suggestion that an imminent decision would make Defendant's costs "minimal," R.Doc. 287. at 13–14, applies equally to them: any harm from a short stay is minimal too. Further, Plaintiffs suggest that briefing in the *Humphrey* appeal "has yet to commence." R.Doc. 289. at 2–3. Not so. Briefing was complete when Defendant filed his motion—The Fifth Circuit had told the parties in May that additional briefing in *Humphrey* would

be done "only as necessary." Court Directive, *Humphrey v. LeBlanc*, No. 26-30301 (5th Cir. May 22, 2026), Doc. 6. After the motion to stay was filed, the Fifth Circuit ordered supplemental briefing in *Humphrey* on qualified immunity and Rule 23(b). Court Directive, *Humphrey v. LeBlanc*, No. 26-30301 (5th Cir.), Doc. 47. Both Plaintiffs and Defendant filed their briefs on November 10, 2026, so briefing is again complete on the appeal.

At a minimum, the Court should stay discovery directed to class membership and class notice pending the Fifth Circuit's decision. *See Earl*, 21 F.4th at 900 (staying class-membership discovery pending Rule 23(f) appeal).

**3. The public interest favors a stay.**

Plaintiffs' public-interest argument assumes liability. No court has found that Defendant violated anyone's constitutional rights, and class certification is not a merits determination, as Plaintiffs themselves stress. R.Doc. 289 at 11. *Book People, Inc. v. Wong*, 91 F.4th 318, 341 (5th Cir 2024) is not to the contrary. It addressed the public interest in enforcing a state law that conflicted with federal law, 91 F.4th at 341, and a stay here enforces nothing. It pauses only discovery aimed at identifying and notifying class members, which will not affect any inmate's release date.

Plaintiffs never address the Fifth Circuit's holding that "the public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs" pending a Rule 23(f) appeal. *Earl*, 21 F.4th at 900. And the public also has an interest in conserving judicial resources while "a difficult question is presented on appeal." *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011), *abrogated in part on other grounds by Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). Given the Fifth Circuit's grant of the appeal for both class certification decisions along with its recognition of the need for additional briefing on the complex issues

involved, it is indisputable that the appeals present difficult and important questions. Public interest weighs in favor of a stay.

**4. A stay would not substantially injure Plaintiffs**

Plaintiffs identify no cognizable prejudice. Their principal concern—that a "backlog" of pull documents will grow—assumes the classes will survive appeal in their current form. Further, Defendant in fact produced pull documents for the class period, and now Plaintiffs want Defendant to redo that work, even though Plaintiffs selected parameters for those pull documents. Any backlog is the result of Plaintiffs' ever changing and escalating discovery demands.

Plaintiffs' reliance on *M.D. v. Perry* only illustrates the risk of proceeding: after the district court there denied a stay, the Fifth Circuit vacated class certification. *See M.D. ex rel. Stukenberg*, 675 F.3d 832. Finally, Plaintiffs' accusations of past delay cannot be squared with the record: Defendant has participated in extensive discovery to date, including producing hundreds of thousands of pages of documents, extensive ESI discovery, multiple inspections, and sitting for 12 depositions.

**5. Conclusion**

Because (1) Defendant has made a strong showing that he is likely to succeed on the merits; (2) Defendant will be irreparably injured absent a stay; (3) the issuance of the stay will not substantially injure the Plaintiffs; and (4) because public interest lies in preserving state resources; this Court should grant a stay pending the Fifth Circuit's decision on the pending appeal of the class certification ruling.

*(Signatures on Following Page)*

Respectfully submitted,

**LIZ MURRILL**
**Attorney General**

By: /s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Christopher K. Jones (#28101)
Email: cjones@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, and a copy of the above and foregoing was this day forwarded by the Court's ECF Delivery System to all counsel of record.

Baton Rouge, Louisiana, this 16th day of November, 2026.

/s/ Andrew Blanchfield
ANDREW BLANCHFIELD